STATE of Iowa, Appellee,

v.

Kenneth Lee SHANK, Appellant.

STATE of Iowa, Appellee,

v.

Greg NORMAN, Appellant.

No. 63719.

Supreme Court of Iowa.

Sept. 17, 1980.

Robert K. Sikma of Sikma & Gilbert, Sioux City, for appellants.

Thomas J. Miller, Atty. Gen., Kathy Krewer, Asst. Atty. Gen:, and Richard H. Gross,. Asst. County Atty., for appellee.

Considered by REYNOLDSON, C. J., and LeGRAND, HARRIS, McCORMICK and LARSON, JJ.

McCORMICK, Justice.

These consolidated appeals present a question concerning the effect of the State's failure to file minutes of evidence with a trial information as required by Iowa R. Crim. P. 10(6)(c)(1). The trial court overruled defendants' pretrial motions to dismiss based on such failure. Defendants contend that this ruling was erroneous, that it requires reversal of their subsequent convictions, and that the charges must be dismissed with prejudice. We agree that the ruling was incorrect and that the convictions must be reversed. However, we hold that the dismissal of the charges is without prejudice.

It is undisputed that the trial informations in these cases were approved by a magistrate and filed without minutes of evidence attached. Defendants filed motions to dismiss the informations pursuant to Iowa R. Crim. P. 10(6)(c)(1), which provides that a motion to dismiss may be made "[w]hen the minutes of evidence have not

been filed with the information." Minutes were filed before the court ruled on the motions. Subsequently the trial court overruled them. Defendants immediately attempted to appeal, but the appeals were dismissed because the rulings were interlocutory and discretionary review had not been sought or obtained.

The cases proceeded to trials which resulted in the convictions and sentences from which the present appeals are taken.

The State does not deny that the ground of the motions to dismiss was shown. However, it contends that dismissal was not mandatory and, in any event, that the trial court's ruling was not reversible error.

Iowa R. Crim. P. 5(3) requires the prosecuting attorney to file with a trial information the minutes of evidence of each witness whose testimony the prosecutor expects to offer at trial. Before the information is filed, a judge or magistrate must approve it by finding that the evidence shown in the minutes, "if unexplained, would warrant a conviction by the trial jury." Iowa R. Crim. P. 5(4). Thus the minutes are essential for the magistrate to find probable cause for detaining the accused on the charge.

The probable cause finding serves two purposes. One is to meet the due process requirement of U.S. Const. Amend. XIV that a probable cause determination is a condition to any significant pretrial restraint on liberty. See Gerstein v. Pugh, 420 U.S. 103, 113, 95 S.Ct. 854, 863, 43 L.Ed.2d 54, 64–65 (1975); State v. Lass, 228 N.W.2d 758, 763 (Iowa 1975). The other purpose is to meet the requirement of our rules of criminal procedure that a judge or magistrate oversee the decision to prosecute an indictable offense except when an indictment is obtained. This oversight is intended to occur either through the holding of a preliminary hearing or the examining of the minutes of evidence accompanying a trial information. See Iowa R.Crim.P. 2(4)(a), 5(3), 5(4); State v. Rouse, 290 N.W.2d 911, 912–13 (Iowa 1980). Neither purpose was served in the present case. Even though a magistrate approved the informations, they did not contain minutes of evidence from which the requisite probable cause findings could be made.

It is true, as the State contends, that minutes of evidence also serve a notice function. They are intended to advise a defendant fully and fairly of the source and nature of the evidence which the State intends to offer in the prosecution. State v. Walker, 281 N.W.2d 612, 613 (Iowa 1979). Admittedly, this function can be served by minutes filed after the filing of the trial information. This, however, does not detract from the fact that the late filing denies an accused the benefit of judicial oversight of the prosecutor's charging decision.

Rule 5(3) was violated in these cases. Violation of this rule is a ground for dismissal under rule 10(6)(c)(1). The State argues that dismissal is discretionary because the rule provides only that the motion "may be made" on that ground. However, the language relied on merely gives the defendant authority to invoke the ground. It does not purport to give the trial court any discretion to overrule the motion if the ground is established.

The grounds for dismissal in rule 10(6)(c) are taken from section 769.17, The Code 1977. See J. Yeager and R. Carlson, 4 Iowa Practice: Criminal Law and Procedure § 1053 (1979). They have previously been treated as mandatory bases for dismissal. See State v. Martin, 210 Iowa 376, 228 N.W. 1 (1929); State v. Hurd, 101 Iowa 391, 70 N.W. 613 (1897). Moreover, they are analogous to the grounds for dismissal of indictments in rule 10(6)(b) which are taken from section 776.1, The Code 1977. See J. Yeager and R. Carlson, § 1053. In State v. Hansen, 215 N.W.2d 249, 252 (Iowa 1974), this court held that the ground in former section 776.1 (6) would require dismissal without a showing of prejudice. The court said that "nothing need appear except the violation itself." Id.

The ground here is analogous to the ground involved in Hansen. Section 776.-1(6) required an indictment to be set aside "[w]hen any person other than the grand jurors was present before the grand jury

during the investigation of the charge, except as required or permitted by law." The violation was deemed sufficient alone to taint the indictment. If anything, the violation in the present cases provides stronger evidence of taint. In *Hansen* the probable cause finding may not actually have been affected. In the present cases, the probable cause findings are wholly undermined by the violation.

Applying the *Hansen* principle in the present situation, we hold that it was sufficient for defendants to show the informations were filed without minutes of evidence. The motions to dismiss were good, and the trial court erred in overruling them.

In arguing that reversal is not required, the State relies on *Gerstein* and *Rouse* which recognize the distinction between a violation of rights at the probable cause stage of a criminal proceeding and the adjudicative stage. Under *Gerstein* a violation of a constitutional right to a preliminary hearing does not require dismissal of a charge or voidance of a conviction. *See* 420 U.S. at 119, 95 S.Ct. at 865, 43 L.Ed.2d at 68. Under *Rouse*, a violation of a statutory preliminary hearing right does not require such a remedy either. *See* 290 N.W.2d at 913. We applied the *Rouse* principle in *State v. Dowell*, —— N.W.2d —— (Iowa 1980), and *Brown v. State*, —— N.W.2d —— (Iowa 1980).

The present cases, however, are distinguishable from *Gerstein, Rouse, Dowell*, and *Brown* in one important and determinative respect. No sanction was provided by statute or rule in those cases. In contrast, rule 10 provides the sanction of dismissal for the violation in the present cases. Therefore the result here must be different. Even though dismissal is not constitutionally mandated or provided for otherwise, it is required by rule.

One reason for this sanction may be that our rules go beyond the mandate of the Federal Constitution involved in *Gerstein* and discussed in *Rouse* by imposing judicial oversight on the prosecutor's charging decision. This requirement is not recognized in *Gerstein*. 420 U.S. at 118, 95 S.Ct. at 865, 43 L.Ed.2d at 68 ("[W]e do not imply that the accused is entitled to judicial oversight or review of the decision to prosecute."). The present cases do not involve merely an issue of pretrial detention. Instead, they also affect the adjudicative stage because they involve the issue of the validity of the prosecutions. The sanction of dismissal provides a means of assuring the requisite judicial oversight of the decision to prosecute by information.

Nor do the intervening convictions dictate a different result. The rule would lose its force if its sanction could be avoided merely by ignoring it and pursuing the prosecution through conviction. The reasoning which supports finding a rule violation without a showing of prejudice also supports applying the sanction without such a showing. We decline to dilute the force of the rule by refusing to enforce it merely because convictions have since occurred. *See State v. Olsen*, 293 N.W.2d 216, 220-21 (Iowa 1980).

We hold that the trial court's error in overruling the motions to dismiss requires that these cases be reversed and remanded for dismissal.

The remaining issue is whether such dismissal is with prejudice. This issue is answered in rule 10. Under rule 10(7), the granting of a motion "based on a defect in the institution of the prosecution or in the indictment or information" may be followed by prosecution on a new information. The rule specifically provides for ordering that the defendant be held in custody or that his bail be continued pending the filing of a new or amended information within twenty days. The present cases involve the kind of defect addressed in rule 10(7). The rule plainly authorizes reprosecution.

The authority to reprosecute is also implicit in section 802.9, The Code, which extends for thirty days the time for filing a new indictment or information after dismissal for "a defect or irregularity" in an indictment or information despite the period of limitations otherwise applicable to the offense.

Defendants contend these cases should be dismissed with prejudice because they were not dismissed when they should have been. They assert the only logical and effective remedy for the failure of the prosecutor to follow rule 5(3) and the refusal of the trial court to sustain their motions is dismissal of the cases with prejudice. They argue it is unfair to make them stand trial a second time when compliance with the rule would have required only one trial. However, like most defendants who demonstrate a procedural error in prosecution of their cases, these defendants are not entitled to be discharged but only to be tried again under correct procedures.

The remedy for the violations of rule 10(6)(c)(1) is to reverse the trial court's rulings and order done now what should have been done then. Therefore these cases are reversed and remanded for dismissal without prejudice.

REVERSED AND REMANDED.

All Justices concur except REYNOLDSON, C. J., who concurs in the result.