**STATE of Iowa, Appellee,**

v.

**Thomas Gene LEE, Appellant.**

No. 64288.

Supreme Court of Iowa.

Nov. 12, 1980.

Carroll Wood, Webster City, and Thomas M. Robert, Webster City, for appellant.

Thomas J. Miller, Atty. Gen., John P. Messina, Asst. Atty. Gen., and Lonny T. Morrison, Hamilton County Atty., for appellee.

Considered by REYNOLDSON, C. J., and LeGRAND, HARRIS, LARSON and SCHULTZ, JJ.

REYNOLDSON, Chief Justice.

Defendant appeals from judgment entered on his jury trial conviction for operating a motor vehicle while under the influence of an alcoholic beverage, a violation of section 321.281, The Code 1979. We affirm.

The first trial information was filed against defendant on March 19, 1979. Defendant's motion to dismiss alleged:

[T]he preliminary complaint of the officer and the statement of the officer filed at or about the time of the arrest of Defendant was not verified, nor was an oral statement made to the Magistrate under oath at said time on which the Magistrate could find probable cause . . . in violation of Rule 2(1), Iowa Rules of Criminal Procedure.

Trial court sustained this motion and dismissed the case without prejudice.

The State delayed until July 25, 1979, before it filed a second trial information based on the same February 25, 1979, incident. Defendant moved to dismiss the new charge, asserting the refiling delay violated the twenty–day time requirement of Iowa R.Crim.P. 10(7). When this was overruled, he again moved to dismiss the charge, as not being filed within the thirty days prescribed by section 802.9, The Code 1979. This second motion was also overruled.

As his sole grounds for reversal, defendant contends trial court erred in overruling these motions.

■ I. *Did trial court err in overruling defendant's motion to dismiss based on section 802.9?*

Section 802.9, The Code 1979, relevantly states:

If a defect, error, or irregularity is discovered in any indictment or information which, on motion of either party, causes same to be dismissed . . . a new indictment or information may be found within thirty days after such action notwithstanding the time limitations enumerated in this chapter.

This statute must be examined as the final provision in chapter 802, "Limitation of Criminal Actions." This chapter sets out the statutes of limitation for various offenses and identifies circumstances that will extend periods of limitation or exclude intervals of time for computation of the period within which the information or indictment must be found or the prosecution commenced. We conclude section 802.9 was designed to extend "for thirty days the time for filing a new indictment or information after dismissal for 'a defect or irregularity' in an indictment or information despite the period of limitations otherwise applicable to the offense." *See State v. Shank*, 296 N.W.2d 791, 793 (Iowa 1980). The statute allows the prosecution at least thirty days to refile, even if the original limitation period has expired.

Defendant's interpretation of section 802.9 would mean that in every case in which an information is dismissed due to a defect, the prosecution would have only thirty days within which to file a second information. To so collapse the statutory limitation periods, and even impose a thirty–day limitation in a murder prosecution where *no* limitation now exists, would frustrate an obvious legislative intent. *See* J. Yeager and R. Carlson, 4 *Iowa Practice: Criminal Law and Procedure* § 818 (1979) ("[I]f the original period of limitation provided for has more than 30 days to run, then this section will not cut short the original limitation.").

Here the State, under the appropriate limitation statute, had three years from February 25, 1979, to indict defendant or to file a trial information against him. § 802.-3, The Code. Trial court properly construed section 802.9 and did not err in overruling defendant's motion to dismiss the second information.

**II.** *Did trial court err in overruling defendant's motion to dismiss based on Iowa R.Crim.P. 10(7)?*

Iowa R.Crim.P. 10(7) states in relevant part:

> If the court grants a motion based on a defect in the institution of the prosecution or in the indictment or information, it may also order that the defendant be held in custody or that the defendant's bail be continued for a specified period pending the filing of a new indictment or information if the same was dismissed by the court .... The new information or indictment must be filed within twenty days of the dismissal of the original indictment or information.

Rule 10(6)(c), immediately preceding the above–quoted provision, specifies certain grounds that will support a motion to dismiss an information,[1] none of which were utilized by this defendant in his motion to dismiss the first information filed against him. As we stated recently in *Shank*, 296 N.W.2d at 793, the provisions of rule 10(7) apply only to cases involving "the kind of defect addressed in rule 10(7)." We now reaffirm that rule 10(7) does not apply in *all* cases where *any* defect is found in the information. *See also* J. Yeager and R. Carlson, *supra*, § 1243, at 300; § 818, at 168 n. 1 (where dismissal is pursuant to ground set forth in rule 10, new charge is subject to a twenty–day limit). Trial court's ruling rightly suggested that the provisions of rule 10(7) are limited to the defects enumerated in rule 10(6), and do not apply to informations dismissed on grounds other than those set forth in rule 10(6).

We may assume, arguendo, that the procedural violations defendant assigned as grounds for his motion to dismiss the first information were sufficient for that purpose. But they are not within the scope of the limited grounds set forth in rule 10(6) for dismissing an information.

If the scope of a rule 10(7) dismissal is not thus limited to rule 10(6) grounds, an unnecessary conflict will arise between the twenty–day time limit prescribed by rule 10(7) for filing a new information or indictment, and the thirty–day limit fixed by section 802.9, within which a new information or indictment may be filed if the statute of limitations for that crime has expired. We must construe statutes together and harmonize them where possible. *See Caterpillar Davenport Employees Credit Union v. Huston*, 292 N.W.2d 393, 396 (Iowa 1980); *State v. Rauhauser*, 272 N.W.2d 432, 434 (Iowa 1978). The above two time periods may be reconciled readily by holding, as we do, that rule 10(7) applies only where the information is dismissed "pursuant to a ground set forth in rule 10." *See* J. Yeager and R. Carlson, *supra*, § 1243, at 300; § 818, at 168 n.1.

The State argues rule 10(7) should be further limited to those situations in which a defendant is in custody or bail is continued when an indictment is quashed. We are not persuaded this was the legislative intent. We are satisfied our above construction of rule 10(7) is more consistent with the language of the relevant rules and established principles of interpretation. The rule 10(7) time limitation shall apply in all instances where dismissal is ordered for a reason set forth in rule 10(6), whether or not the court orders bail continued or defendant held in custody pending filing of a new information or indictment.

The filing of the second information against defendant violated neither section

---

1. Rule 10(6)(c) states:
   A motion to dismiss the information may be made on one or more of the following grounds:
   (1) When the minutes of evidence have not been filed with the information.
   (2) When the information has not been filed in the manner required by law.
   (3) When the information has not been approved as required under R.Cr.P. 5(4).

802.9 nor rule 10(7). Trial court did not err in overruling defendant's motions to dismiss. We therefore affirm the judgment from which appeal was taken.

AFFIRMED.