**STATE of Iowa, Appellant,**

v.

**Craig E. CREES, Appellee.**

**No. 89–1917.**

Court of Appeals of Iowa.

May 29, 1991.

Bonnie J. Campbell, Atty. Gen., Bruce Kempkes, Asst. Atty. Gen., Mary E. Richards, County Atty., and Dennis W. Parmenter, Asst. County Atty., for appellant.

Linda Del Gallo, State Appellate Defender, and B. John Burns, Asst. State Appellate Defender, for appellee.

Considered by DONIELSON, P.J., and HAYDEN and HABHAB, JJ.

HABHAB, Judge.

Craig Crees was charged, in a single trial information, with second-degree theft (a felony) and two misdemeanors. The trial information was approved by a district associate judge.

The jury had been selected and the case was ready for trial. However, the district court, on motion by defendant's counsel, dismissed the felony-related theft charge for the trial information had been approved by a district associate judge rather than a district judge as required under Iowa Rule of Criminal Procedure 5(4).

Thereafter, the State filed its motion seeking court approval of an amended and

substituted trial information under Iowa Rule of Criminal Procedure 10(7), which we set forth later in this opinion. That motion, at least as it relates to the theft charge, was denied by the district court on November 8, 1989.

The State appeals the November 8 ruling, as permitted by Iowa Code section 814.5(1)(a). We limit our review to the merits of the November 8 ruling for this is the ruling urged as the ground for reversal in the State's notice of appeal. The defendant contends the State did not timely file its appeal.

### I.

■ Initially we must address the question of whether the State timely filed its appeal. Before resolving this part of the appeal and to better clarify the defendant's position, we need to return to the day the events that gave rise to this controversy occurred. It was on April 25, 1989, that this case was fixed for trial. After the jury had been selected but before evidence was taken, the trial court noted that the information had been signed by a district associate judge. He called this to the attention of trial counsel.

Defense counsel then moved for a dismissal of the felony charge of theft in the second degree. The court, on the same date, sustained the dismissal motion as to that charge on the grounds the probable cause statement should have been signed by a district court judge. (The defendant was charged with two other non-felony charges in the same trial information. Those two charges are not involved in this appeal.)

The State then on May 15, relying on rule 10(7), timely filed a motion asking the court to approve an amended and substituted trial information.[1] Hearing on that motion was substantially delayed because the defendant had absconded. Finally, defen-

dant was apprehended and hearing was held on October 6, 1989. The trial judge on November 8 filed his ruling overruling that motion. As we pointed out earlier, it is from this ruling that the State, on December 8, 1989, filed its notice of appeal.

The defendant claims the State did not timely file its notice of appeal. He claims the thirty days in which the State may appeal commenced on April 25, 1989, the date the theft charge was dismissed. He cites us to Iowa Rule of Appellate Procedure 101[2] which provides in part:

> Appeal in a criminal action shall be taken and perfected within thirty days of final judgment in the manner prescribed by the rules of appellate procedure relating to appeals in civil cases.
>
> *     *     *     *     *     *

We, of course, agree with defendant that appeals in criminal actions must be taken and perfected within thirty days of final judgment. But that does not resolve our problem. Here the State on May 15 filed a motion seeking approval of an amended and substituted trial information under Rule of Criminal Procedure 10(7). That rule, in part, provides:

> If the court grants a motion based on a defect ... in the indictment ... it may also order that the defendant be held in custody ... pending the filing of a new ... information if the same was dismissed by the court or the amendment of any such pleading if the defect is subject to correction by amendment. The new information ... must be filed within twenty days of the dismissal of the original ... information. The ninety-day period under R.Cr.P. 27(2)(b) for bringing a defendant to trial shall commence anew with the filing of the new ... information.

The defendant does not contend that the State's rule 10(7) motion was not timely filed. Our review of the record determines

---

1. The amended and substituted information charged the defendant with the same three crimes that the original information set forth. Underneath the probable cause recitation of the information, the line for the district court's signature was, of course, left blank.

2. *See also* Iowa Rule of Appellate Procedure 5(a) which provides "Appeals to the supreme court must be taken within, and not after, thirty days from the entry of the order, judgment or decree...."

that it was. The defendant merely contends the time for appeal should run from April 25. We disagree.

The new information was filed within twenty days of the dismissal of the original information. The trial judge overruled the motion to approve the new information on November 8, 1989. The State filed its appeal on December 8, 1989. We conclude that the State's right of appeal commenced on November 8, 1989.

We believe this result harmonizes the applicable rules of criminal procedure. We hold the notice of appeal was timely filed. We confine ourselves to the matter asserted in the notice of appeal.

## II.

■ From our reading of the rules of criminal procedure, we believe that rule 10(7) must be read in conjunction with rule 10(6)(c). That rule provides:

A motion to dismiss the information may be made on one or more of the following grounds:

(1) When the minutes of evidence have not been filed with the information.

(2) When the information has not been filed in the manner required by law.

(3) When the information has not been approved as required under Iowa R.Crim.P. 5(4).

As it relates to Iowa Rule of Criminal Procedure 5(4) mentioned in subparagraph (3) above, that rule in essential part provides:

Prior to the filing of the information, it must be approved by a district judge, or a district associate judge or judicial magistrate having jurisdiction of the offense. If the judge or magistrate finds that the evidence contained in the information and the minutes of evidence, if unexplained, warrant a conviction by the trial judge, the judge or magistrate shall approve the information which shall be promptly filed.

It is without serious dispute that since the trial information contained the charge of second-degree theft, a felony under Iowa Code section 714.1(2), a district court judge must approve the information by finding that the evidence shown in the minutes, "if unexplained, would warrant a conviction by the trial jury." Iowa R.Crim.P. 5(4).

As explained in *State v. Shank*, 296 N.W.2d 791 (Iowa 1980), the probable cause finding referred to above serves two purposes. One is to meet the due process requirement of U.S. Constitution Amendment XIV that a probable cause determination is a condition to any significant pretrial restraint on liberty. *See Gernstein v. Pugh*, 420 U.S. 103, 113, 95 S.Ct. 854, 863, 43 L.Ed.2d 54, 64–65 (1975); *State v. Lass* 228 N.W.2d 758, 763 (Iowa 1975). The other purpose is "to meet the requirement of our rules of criminal procedure that a judge or magistrate oversee the decision to prosecute an indictable offense except when an indictment is obtained." *Shank*, 296 N.W.2d at 792.

In the context of the *Shank* case, this oversight is intended to occur either through the holding of a preliminary hearing or the examining of the minutes of evidence accompanying a trial information. In the context of this case, we would add that the oversight referred to in *Shank* also includes the right of the accused to the benefit of judicial oversight by a judge who has jurisdiction to hear his case.

We agree that rule 5(4) was violated. It follows that a violation of this rule is a ground for dismissal under rule 10(6)(c)(3). If the ground for dismissal is timely filed[3] and established, the trial court is left with no discretionary powers. *Id.* It is mandated that the charge be dismissed. In this respect, there need not be a showing of prejudice. All that needs to appear is the violation itself. *Id.*

As pointed out under Division I, the State filed a rule 10(7) motion that sought approval of the amended and substituted

---

3. We do not address the question whether the trial judge should have dismissed the information under its April 25 order for it is not asserted as a ground on appeal. However, it cannot go unnoticed that the motion to dismiss was lodged after trial had commenced. *See* Rule 10(2)(b).

information. The trial judge concluded that the State should not be allowed to file a new trial information pursuant to Iowa Rule of Criminal Procedure 10(7). He reasoned that the defect necessitating dismissal here was one not contemplated by rule 10(6)(c). We disagree. We again turn to *State v. Shank* for guidance.

The significant issue in *Shank* was whether the trial judge should have dismissed the information because the minutes of testimony were not attached as required under rule 5(3). The supreme court held that a violation of rule 5(3) is a ground for dismissal under rule 10(6)(c)(1). That court reasoned that the sanction of dismissal under rule 10 provides a means of assuring the requisite judicial oversight of the decision to prosecute by information. In addition, the supreme court in *Shank* held that the failure to file the minutes of testimony was the kind of defect addressed in rule 10(7).

We employ the same reasoning here. Rule 10(6)(c)(3) is the type of defect which exists in this case. This subsection provides that a motion to dismiss may be made if "the information has not been approved as required under Iowa R.Crim.P. 5(4)." In *Shank*, the supreme court held the failure to file minutes of testimony (a ground for dismissal under rule 10(6)(c)(1)) was the kind of defect addressed in rule 10(7). We likewise conclude the failure of the proper judge to approve the information (a ground for dismissal under the same rule 10(6)(c)(3)) is the kind of defect addressed in rule 10(7). We hold the trial court erred in not granting the State's motion to approve the amended and substituted information and accordingly reverse and remand with directions to proceed in a manner not inconsistent with this opinion.

## III.

■ In denying the State's request to file an amended and substituted information, the trial court also reasoned that because the associate judge who signed the information did not have jurisdiction over the charge, the district court did not have jurisdiction. Thus, even though defendant did not object to the approval of the information prior to trial, the trial court concluded the failure to raise the defect earlier could not be viewed as a waiver since subject matter must derive from the law. We do not believe that particular maxim of the law applies here.

Our supreme court addressed the same type of question in *State v. Fortunski*, 200 Iowa 406, 204 N.W. 401 (1925). In that case the defendant for the first time on appeal challenged the trial information against him on three grounds—including that it did not show any judicial approval as required in the precursor to rule 5(4).1.

Because of the similarity between the rules of 1924 and those of today, we set forth the applicable sections of the 1924 Code:

13650. *Approval by judge.* The information, before being filed, shall be presented to some judge of the district court of the county having jurisdiction of the offense, which judge shall indorse his approval or disapproval thereon....

\*    \*    \*    \*    \*    \*

13659. *Motion to set aside—grounds.* A motion to set aside the information may be made on one or more of the following grounds:

1. When it is not indorsed "a true information", and the indorsement signed by the county attorney.

2. When the minutes of evidence have not been filed with the information.

3. When the names of the witnesses named in such minutes of evidence are not indorsed on the information.

4. When the information has not been verified or filed in the manner herein required.

5. When the information has not been approved as required.

13660. *Time of making motion—rulings of court.* Such motion must be made before a plea is entered by the accused. If not so made, the objection shall be deemed waived. If an objection is shown to be true, the court shall sustain said motion, unless the defects are

corrected within such time as the court may order.

The supreme court in *Fortunski* found:

A failure to allege in the information the things which now constitute the basis of appellant's complaint is not a denial to a defendant of any constitutional right. *The mere failure to recite these matters affirmatively in the information did not deprive the court of jurisdiction over the cause;* and in the absence of a demurrer to the information, the sufficiency thereof cannot now be called into question. (Emphasis added.)

204 N.W. at 409–10.

The supreme court reaffirmed this position in *State v. Hobson*, 284 N.W.2d 239 (Iowa 1979). In that case the defendant appealed his conviction claiming the trial information was defective because an assistant attorney general rather than the county attorney or his assistant signed and filed the trial information. *Id.* at 241. The court found:

First, his motion to dismiss the information was filed too late. Defenses and

objections based on defects in the information must be raised before trial. Iowa R.Crim.P. 10(2)(b).[4] Motions raising such issues must be made within thirty days after arraignment or prior to impanelment of the jury, whichever is sooner, unless the time is extended by the court for good cause. Iowa R.Crim.P. 10(4)....

Second, the objection was also expressly waived.... Moreover, the objection is subject to waiver because factors to have an authorized person sign and file the trial information *does not* offend subject-matter precedent. (Emphasis added.)

*Id.* We conclude that the failure of the proper judge to approve the trial information does not offend subject-matter jurisdiction.

REVERSED AND REMANDED.

---

**4.** Iowa Rule of Criminal Procedure 10(2)(b) provides:

Any defense, objection, or request which is capable of determination without the trial of the general issue may be raised before trial by

motion. The following *must* be raised prior to trial:

Defenses and objections *based on defects in the indictment or information.* (emphasis added).