**STATE of Iowa, Appellant,**

v.

**Corey Dean ROUT, Appellee.**

**No. 91–159.**

Supreme Court of Iowa.

Dec. 24, 1991.

Bonnie J. Campbell, Atty. Gen., Bruce Kempkes, Asst. Atty. Gen., Mary E. Richards, County Atty., and Molly Frazier, Asst. County Atty., for appellant.

Daniel E. Bappe, Nevada, for appellee.

Considered by HARRIS, P.J., and LARSON, CARTER, LAVORATO, and SNELL, JJ.

PER CURIAM.

On October 8, 1990, a preliminary complaint was filed against Corey Dean Rout accusing him of the crime of aggravated assault in violation of Iowa Code section 708.2 (1989). Rout had been arrested the previous day. Later, on October 22, Rout was charged by trial information with the crime of willful injury, a class "C" felony, pursuant to Iowa Code section 708.4. The trial information was approved by a district associate judge.

The case proceeded toward trial. Rout's attorney filed an appearance, began discovery, and gave notice that Rout would rely on the legal justification of self-defense.

On December 10, 1990, a written arraignment and plea of not guilty was filed by Rout. Rout also waived his right to a speedy trial pursuant to Iowa Rule of Criminal Procedure 27(2)(b). The district court

then entered an order assigning the case for trial in February.

On December 11, 1990, the State filed a motion to reapprove the information. The motion noted that the trial information had been improperly approved by a district associate judge and not by a district judge. Iowa R.Crim.P. 5(4). Rout filed a resistance to this motion and a motion to dismiss, claiming that the signature by an unauthorized judicial officer deprived the State of subject matter jurisdiction. As a result, Rout argued the court had no choice but to dismiss the charge against him.

The district court held that under rule 5(4) the State lacked subject matter jurisdiction under the old information because it had not been signed by a judicial officer with jurisdiction over the offense. Because more than forty-five days had passed since Rout's arrest, thereby precluding a speedy reindictment under Iowa Rule of Criminal Procedure 27(2)(a), the district court found that the State could not file a new information for the same crime. Finding no good cause for the delay, the district court dismissed the charge against Rout.

The State has now appealed, pursuant to Iowa Code section 814.5(1)(a), from the dismissal of the charge against Rout. The State argues that approval by a judicial officer lacking jurisdiction of the offense is a correctable defect under Iowa Rule of Criminal Procedure 10(7) and not a fatal jurisdictional error. We agree and reverse and remand.

■ Iowa Rule of Criminal Procedure 10(6)(c)(3) provides that a trial information may be dismissed when the information has not been approved as required under rule 5(4). In this case, it is undisputed that the initial trial information was not approved as required since a district court judge was required to approve the information. Thus, the district court properly dismissed the information. However, Iowa Rule of Criminal Procedure 10(7) provides a mechanism for filing a new indictment or information following a dismissal of a previous defective indictment or information. The issue, then, is whether this rule applies to the defect in this case to permit a proper refiling of the trial information.

■ Our court of appeals has recently held that, "... the failure of the proper judge to approve the information (a ground for dismissal under the same rule 10(6)(c)(3)) is the kind of defect addressed in rule 10(7)." *State v. Crees*, 474 N.W.2d 282, 289 (Iowa App.1991). The court of appeals then held that the district court had erred when it failed to grant the State's motion to approve an amended information. *Id.* Previously, we determined that a dismissal for the State's failure to file minutes of testimony with the trial information as required by rule 10(6)(c)(1) was without prejudice to the State to reprosecute, upon filing a proper trial information, pursuant to rule 10(7) and Iowa Code section 802.9. *State v. Shank*, 296 N.W.2d 791, 792–93 (Iowa 1980).

We find the court of appeals' analysis in *Crees* persuasive and applicable to the case before us. We reject the district court's conclusion that rule 10(7) does not modify the forty-five day speedy indictment requirement of rule 27(2)(a) to permit a refiling of a proper information. Instead, we give effect to the specific language of rule 10(7) when it provides that, "The new information ... must be filed within twenty days of the dismissal of the original ... information." So long as the State meets the requirements of rule 10(7) for filing a proper new information, we will permit prosecution. *Shank*, 296 N.W.2d at 793–94.

Accordingly, we reverse the district court order dismissing the charges against Corey Dean Rout and remand this case to district court for further proceedings consistent with this opinion.

REVERSED AND REMANDED.