# IN THE COURT OF APPEALS OF IOWA

No. 22-1811
Filed September 27, 2023


**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**JUAN JOSE MENDOZA JR.,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Scott County, Michael Motto, District Associate Judge.


Juan Mendoza Jr. appeals his conviction for assault causing bodily injury.

**AFFIRMED.**


Martha J. Lucey, State Appellate Defender, and Theresa R. Wilson, Assistant Appellate Defender, for appellant.

Brenna Bird, Attorney General, and Timothy M. Hau, Assistant Attorney General, for appellee.


Considered by Ahlers, P.J., Badding, J., and Scott, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2023).

**AHLERS, Presiding Judge.**

The State filed a trial information charging Juan Mendoza Jr. with assault causing bodily injury. After arraignment, Mendoza filed a motion to dismiss the trial information. He claimed the trial information was not signed in the manner required by the Iowa Rules of Criminal Procedure and the Iowa Rules of Electronic Procedure. The district court denied his motion. Mendoza waived his right to a jury trial, stipulated to a trial on the minutes, and was found guilty. He appeals. He contends the district court erred in not granting his motion to dismiss.

## I.    Standards of Review

We review a ruling on a motion to dismiss a trial information for correction of errors at law. *State v. Middlekauff*, 974 N.W.2d 781, 790 (Iowa 2022). We also review a ruling interpreting and applying the rules of criminal procedure for correction of errors at law. *State v. Hurlbut*, 970 N.W.2d 259, 264 (Iowa 2022). Finally, we review a ruling interpreting court rules such as the rules of electronic procedure for correction of errors at law. *In re Matthew Brandon Waltman Irrevocable Tr.*, No. 18-1750, 2020 WL 822027, at *2 (Iowa Ct. App. Feb. 19, 2020).

## II.    The Issue

This appeal arises because the trial information was signed as follows:

> A TRUE INFORMATION
> /s/ _____
> Name Surname
> Assistant County Attorney
> 1 Address St.
> City, Iowa 11111
> (111) 111-1111
> Name@emailaddress.com

Mendoza contends the signature on the trial information had to be verified. Since it wasn't, Mendoza argues there is a defect in the filing of the trial information and the trial information must be dismissed as a result.

**III.    Analysis**

The State counters Mendoza's argument with three of its own: (1) the motion to dismiss was untimely; (2) the signature on the trial information did not need to be verified and met the electronic-filing-rule requirements for a signature; and (3) even if the signature was defective, Mendoza suffered no prejudice so his motion to dismiss was properly denied. We will address each argument in turn.

**A.    Timeliness**

Mendoza filed his motion to dismiss forty-four days after the trial information was filed, which was sixteen days after the filing of his written arraignment. Mendoza contends the motion is timely because it was filed within forty days of arraignment. *See* Iowa R. Crim. P. 2.11(2)(b)[1] (permitting pretrial motions raising "objections based on defects in the indictment or information"), (4) (requiring pretrial motions filed pursuant to rule 2.11(2) to be filed within forty days of arraignment). The State counters, as it did to the district court, by pointing to our electronic filing rules that require objections based on disputed authenticity or validity of any signature on an electronically filed document to be filed within thirty days "after the attorney or party knew or should have known the signature was not authentic or valid." *See* Iowa R. Elec. P. 16.305(7).

---

[1] The Iowa Rules of Criminal Procedure were amended in 2022, with an effective date of July 1, 2023. As all events at issue in this appeal occurred before the effective date of the changes, all references to the rules of criminal procedure will be to rules before the 2022 amendments.

We begin our discussion of this issue by noting that the district court did not address the State's timeliness objection to Mendoza's motion to dismiss. Even though the district court did not address the timeliness issue, since the State raised it below, we can consider it as an alternative basis for affirming the district court. *See Hawkeye Foodservice Distrib., Inc. v. Iowa Educators Corp.*, 812 N.W.2d 600, 609 (Iowa 2012) ("It is established that a successful party in the district court may, without appealing, save the judgment . . . based on grounds urged in the district court but not included in that court's ruling." (ellipsis in original) (quoting *Interstate Power Co. v. Ins. Co. of N. Am.*, 603 N.W.2d 751, 756 (Iowa 1999))).

We find the State has the better of the arguments on timeliness. As noted, Iowa Rule of Criminal Procedure 2.11(4) requires a pretrial motion objecting to defects in the trial information to be filed within forty days of arraignment, while Iowa Rule of Electronic Procedure 16.305(7) requires a challenge to an electronic signature to be filed within thirty days after the party knew or should have known of a defect.[2] Mendoza contends that since these rules conflict, rule 2.11(4) should control because it is more specific. He relies on the familiar canon of construction that, where there is a conflict between specific and general statutes, the provisions of the specific statute control. *See*, *e.g.*, *MidWestOne Bank v. Heartland Co-op*, 941 N.W.2d 876, 883 (Iowa 2020). Mendoza asserts that rule 16.305(7) is general, as it applies to any electronic signature on any document, whereas rules 2.11(2)(b) and 2.11(4) are specific because they apply only to challenges to a trial

---

[2] Mendoza does not dispute that he and his attorney knew or should have known of the claimed deficiency in the electronic signature at the time the trial information was filed, so his motion had to be filed within thirty days of the filing of the trial information in order to be timely if rule 16.305(7) controls.

information. While we agree with Mendoza that the specific-trumps-the-general rule may apply, we disagree with his assessment of which rule is specific. The rules in conflict are rules 16.305(7) and 2.11(4), not rule 2.11(2)(b). Rule 2.11(4) deals with all motions under rule 2.11(2), not just to objections based on defects in a trial information. There is nothing specific about it. On the other hand, rule of electronic procedure 16.305(7) deals specifically with objections to signatures. To the extent there is a conflict between the rules as to which applies, we find rule of electronic procedure 16.305(7) to be more specific than rule of criminal procedure 2.11(4), so the deadline set by rule 16.305(7) controls. *See id.*

More importantly, the electronic filing rules directly address this issue. Iowa Rule of Electronic Procedure 16.103 states that in electronically filed cases such as this one, the rules of electronic procedure control when they are inconsistent with other Iowa court rules. Therefore, in this contest between rule 2.11(4) and rule 16.305(7), rule 16.305(7) wins and its thirty-day deadline applies. As Mendoza failed to file his objection disputing the authenticity or validity of the prosecutor's signature within thirty days of when he became aware of the claimed defect, he waived his objection. We affirm the district court's denial of Mendoza's motion to dismiss because the motion was untimely.

### B. Sufficiency of the Signature

Even though the untimeliness of Mendoza's motion is dispositive, we also address his other claims. Mendoza claims that the prosecutor's electronic signature was invalid because it did not meet the verification requirements of Iowa Rules of Electronic Procedure 16.305(3) and 16.705. Rule 16.305(3) states that any document requiring a signature with verification "must be either signed by the

subscriber nonelectronically and scanned for electronic filing or signed by the subscriber with a digitized signature." Similarly, rule 16.705 states that "[a]ny document requiring a signature to be made under oath or affirmation or with verification may be signed either nonelectronically and scanned into EDMS[3] or may be signed with a digitized signature." The electronic filing rules define "digitized signature" as "an electronically applied, accurate, and unaltered image of a person's handwritten signature" and a "nonelectronic signature" as "a handwritten signature applied to an original document that is then scanned and electronically filed." Iowa R. Elec. P. 16.201(35)(a)(1), (3).

The parties agree the prosecutor's signature here did not meet the requirements for a "digitized signature" or "nonelectronic signature." But the rules require a "digitized signature" or "nonelectronic signature" only if the trial information was required to bear a verified signature. *See* Iowa Rs. Elec. P. 16.305(3), .705. This is where Mendoza's argument runs into a fatal roadblock—his argument is based on the faulty premise that our rules of criminal procedure require a verified signature. But Mendoza's premise is not based on anything in our rules of criminal procedure. Instead, it is based on phrasing from our court's decision in *State v. Fiems* that Mendoza takes out of context. No. 18-2241, 2020 WL 1879700, at *2 (Iowa Ct. App. Apr. 15, 2020). In *Fiems*, the defendant claimed the prosecutor engaged in misconduct through "prejudicial theatrics" by reading the entire trial information, including the sentence "this is a true information." *Id.* In rejecting this argument, our court noted that "[t]he

---

[3] EDMS is the Iowa Judicial Branch's electronic document management system. Iowa R. Elec. P. 16.101(1).

statement 'this is a true information' is not a personal opinion regarding the guilt of the accused, it is a verification the State accuses the person of the described offense and is a required part of the trial information." *Id.* Mendoza seizes upon our court's use of the word "verification," takes it out of context, and asserts it is a proclamation that a prosecutor's signature on a trial information must be "verified."

Mendoza's interpretation of *Fiems* is off base. Many words in the English language have multiple meanings and may be terms of art in a certain field depending on how they are used. Verify is one of those words. *See Verify*, Merriam-Webster.com, https://www.merriam-webster.com/dictionary/verify (last visited Sep. 6, 2023) (defining verify to mean "to establish the truth, accuracy, or reality of" or "to confirm or substantiate in law by oath"). There is nothing about our court's use of the word "verification" in *Fiems* that suggests the term was used as a legal term imposing a requirement of being under oath. Further, *Fiems* did not address any signature-requirement issue regarding a trial information or interpret our rules of criminal procedure as it pertains to signatures. We reject Mendoza's effort to read *Fiems* as imposing verified-signature requirements on a trial information.

Instead, we look to our rules to determine the signature requirements. We start with rule of criminal procedure 2.5(2), which requires an information to "be signed by the prosecuting attorney." Not verified. Not under oath. Just signed.

As this information was filed electronically, we next turn to our electronic filing rules to determine the requirements for signing a document. For purposes of electronically filing a document by a registered filer such as the prosecutor here, a "signature" means:

the registered filer's login and password, accompanied by one of the following approved signature representations and a block of identifying information as described in rule 16.305(4) (signature block):

. . . .

2. "Electronic signature" means an electronic symbol, either "/s/" or "/efiler's name/," that a person has executed or adopted with the intent to sign the document.

Iowa R. Elec. P. 16.201(35). Of note, although the examples in the comment to the signature-block rule (rule 16.305(4)) show "/s/" followed by the typed name of the filer, rule 16.201(35) does not require both "/s/" and the filer's name—it only requires one or the other. Further, the comments serve only as explanations and are not part of the rules. Iowa R. Elec. P. 16.101(2). So, the prosecutor's use of "/s/" alone, coupled with the other requirements of the signature (i.e., the prosecutor's login and password and a signature block) sufficed as a signature within our electronic filing rules.[4] Further, even if both "/s/" and the typed name of the filer were required, nothing states they have to be on the same line. So, the "/s/" on one line and the typed name on the next would satisfy the rules even if both were required.

Because the prosecutor's signature on the trial information was not required to be verified and met the requirements for a "signature" under our rules, there was no defect in the signature or the trial information. The district court was correct in denying Mendoza's motion to dismiss.

---

[4] Mendoza makes no claim that the prosecutor's login credentials or the contents of the signature block contained in the trial information were in any way deficient.

### C.      Prejudice

Even if Mendoza's motion had been timely and the signature on the trial information was defective in some way, Mendoza was not entitled to the remedy of dismissal. The last paragraph of Iowa Rule of Criminal Procedure 2.4(7) states, "No indictment is invalid or insufficient, nor can the trial, judgment, or other proceeding thereon be affected by reason of any defect or imperfection in a matter of form which does not prejudice a substantial right of the defendant." This rule applies both to an indictment and a trial information. Iowa R. Crim. P. 2.5(5).

Mendoza cites *State v. Crees* in support of his claim that dismissal is the proper remedy when a ground for dismissal has been timely raised and established. 474 N.W.2d 282, 284 (Iowa Ct. App. 1991). But *Crees* does not address the rule cited above that requires prejudice before a trial information can be invalidated, so we do not find it informative of the issue at hand. Further, *Crees* involved a trial information approved by a district associate judge that did not have authority to approve it, thus undermining the purpose of the rule requiring an appropriate judge's oversight and approval. *Id.* We have no such undermining of purpose here. *Crees* would not control the outcome here even if the signing rules were violated and Mendoza had timely objected.

The purpose of a trial information is to notify the defendant of the crime charged so the defendant has the opportunity to prepare a defense. *State v. Grice*, 515 N.W.2d 20, 22 (Iowa 1994). Mendoza does not claim the alleged defect in the signing of the trial information impaired his ability to mount a defense. Instead, he argues he was prejudiced because he stipulated to a trial on the minutes of testimony to ensure he could raise the motion-to-dismiss issue on direct appeal.

But the rule requires that the defect itself cause him prejudice. *See* Iowa R. Crim. P. 2.4(7). The signature on the trial information did not prevent Mendoza from mounting a defense or making an informed choice about how he wished to proceed. Because Mendoza was not prejudiced, if any defect existed, it would not be grounds for dismissal.

## IV. Conclusion

Mendoza made an untimely objection to the trial information based on the claim of an invalid signature. Even if the objection had been timely, the prosecutor's signature complied with the Iowa Rules of Criminal Procedure and the Iowa Rules of Electronic Procedure. Finally, even if Mendoza's objection had been timely and the prosecutor's signature was defective, Mendoza has not shown prejudice. The district court got it right when it denied Mendoza's motion to dismiss.

**AFFIRMED.**