# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

—————

No. 07-1098

—————

| | |
|---|---|
| United States of America, | * |
| | * |
| Appellee, | * |
| | *  Appeal from the United States |
| v. | *  District Court for the |
| | *  Northern District of Iowa. |
| Jeremy Hunter, | * |
| | * |
| Appellant. | * |

—————

Submitted: September 25, 2007
Filed: October 17, 2007

—————

Before WOLLMAN, HANSEN, and RILEY, Circuit Judges.

—————

WOLLMAN, Circuit Judge.

Jeremy Hunter pleaded guilty to possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B). The district court[1] concluded that Hunter was subject to an enhanced minimum sentence because he had two prior incest convictions "relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward . . . ." 18 U.S.C. § 2252A(b)(2). Hunter was sentenced to 210 months' imprisonment, 15 years' supervised release, and a $100 special assessment. Hunter appeals, arguing that the district court improperly considered state

---

[1]The Honorable Linda R. Reade, now Chief Judge, United States District Court for the Northern District of Iowa.

court documents to reach the conclusion that Hunter's prior convictions for incest involved the use of force and victims who were minors at the time of the offense. We affirm.

I. Background

In 1997, Hunter was charged with sexual abuse and pleaded guilty to two counts of incest. During the sentencing hearing on these charges, the sentencing judge asked Hunter if the facts contained in the Minutes of Testimony were correct as they related to the charge of incest. Hunter indicated that the facts were correct. The Minutes of Testimony described the circumstances surrounding Hunter's offense of incest and noted that the victims were minors at the time of the offense and that Hunter used force against them.

In 2006, Hunter pleaded guilty to possession of child pornography. The presentence investigation report (PSR) included information set forth in the complaint and trial information from Hunter's prior incest convictions. The PSR described Hunter's prior incest convictions as involving force and minors. Hunter objected to the use of the facts in the PSR for purposes of enhancing his subsequent sentence, but he did not object to the accuracy of the factual circumstances surrounding the two incest convictions.

The district court concluded that Hunter's prior incest convictions involved the use of force against minors and thus qualified to enhance Hunter's sentence for possession of child pornography under 18 U.S.C. § 2252A(b)(2).

II. Discussion

The only issue in this appeal is whether Hunter's prior incest convictions qualify to enhance his current sentence for possession of child pornography. A district

court's use of a prior conviction for purposes of sentence enhancement is reviewed *de novo*. United States v. Lockwood, 446 F.3d 825, 827 (8th Cir. 2006).

A defendant who is convicted of possession of child pornography and has, *inter alia*, a prior conviction "relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward," is subject to imprisonment for not less than ten years nor more than twenty years. 18 U.S.C. § 2252A(b)(2). In this case, the parties equate "abuse" and "abusive" with the use of force.

Hunter asserts that the district court should be restricted to looking at the elements of a prior conviction and, because the elements of incest do not involve force or minors, his prior conviction does not qualify under the statute to enhance his subsequent sentence. Hunter also asserts that he admitted the facts set forth in the Minutes of Testimony only to the extent that they established that he had committed each element of the crime of incest. We do not agree.

Although the elements of incest do not necessarily include victims who were minors or the use of force, in United States v. Trogdon, 339 F.3d 620, 621 (8th Cir. 2003), we rejected the "elements-only" approach for determining what characteristics of a prior conviction qualify to enhance a subsequent sentence. Thus, a district court may go beyond the elements of a crime and look to the underlying factual circumstances of a prior offense to determine if the conviction qualifies to enhance a subsequent sentence.

In the absence of a defendant's objection to the facts set forth in a PSR, a district court may assume them to be true. United States v. Wintermute, 443 F.3d 993, 1005 (8th Cir. 2006) (citing United States v. Sorrells, 432 F.3d 836, 838 (8th Cir. 2005)). Here, the PSR indicated that on several occasions in 1995, Hunter committed incest by forcing his younger, then minor, siblings to have sex with him. Hunter objected to the use of the facts in the PSR for purposes of enhancing his sentence, but

-3-

he did not object to the accuracy of the factual allegations, presumably to avoid the risk that he would lose credit for acceptance of responsibility. Thus, the district court properly concluded that Hunter's prior incest convictions involved force and minors. Accordingly, Hunter's prior convictions "relat[e] to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward . . . . " See 18 U.S.C. § 2252A(b)(2).

When a defendant admits the facts surrounding a prior conviction by failing to object to them, a district court may consider those facts without conducting the analysis set forth in Shepard v. United States, 544 U.S. 13 (2005). See United States v. Chauncey, 420 F.3d 864, 878 (8th Cir. 2005) (concluding that Shepard is inapplicable where a defendant admits facts by failing to object to them within the PSR). Because Hunter did not object to the accuracy of the facts contained in the PSR, the district court could consider the factual circumstances surrounding Hunter's prior offenses as described in the PSR.

In any event, under the Shepard analysis it conducted, the district court properly considered the circumstances surrounding Hunter's prior incest convictions. Shepard allows a district court to consider the elements of an offense, the charging document, written plea agreement, transcript of plea colloquy, or a comparable judicial record to determine whether a prior conviction qualifies to enhance a subsequent sentence. 544 U.S. at 26. The plea colloquy at the sentencing hearing on Hunter's incest convictions included Hunter's admission that the facts in the Minutes of Testimony were accurate as they related to his incest offense. The description of Hunter's acts of incest in the Minutes of Testimony makes it indisputably clear that Hunter's victims were minors at the time of the offense and also establishes that Hunter used force against his victims.

The judgment is affirmed.

_____

-4-