# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-2013

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Plaintiff – Appellee, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | Northern District of Iowa. |
| | * | |
| Linda Zech, | * | [PUBLISHED] |
| | * | |
| Defendant – Appellant. | * | |

_____

Submitted: December 10, 2008
Filed: January 27, 2009

_____

Before COLLOTON, BRIGHT, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Appellant Linda Zech received a 63-month sentence after pleading guilty to one count of financial-institution fraud, 18 U.S.C. § 1344, and one count of money laundering, 18 U.S.C. § 1956. In this appeal, Zech challenges her sentence, arguing that the district court[1] miscalculated her Guidelines range by (1) determining that her conduct substantially jeopardized the safety and soundness of a financial institution and (2) increasing her offense level as the result of impermissible double counting. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742, and we affirm.

_____

[1]The Honorable Mark W. Bennett, United States District Court for the Northern District of Iowa.

## FACTS AND PROCEDURAL HISTORY

Zech was the sole full-time employee of Eaton Employees Credit Union in Clay County, Iowa. Beginning in at least January 2003 and continuing through January 2007, Zech fraudulently issued herself checks and loans from the credit union's accounts. Zech ultimately stole $770,000 of the credit union's $3,000,000 in total assets.

The credit union had a bond to protect against the fraud and theft of its employees, and the bond issuer paid the credit union $671,110.33, leaving the credit union short by $98,889.67. Zech did not dispute that the amount of loss was so large that the credit union would have become insolvent but for the bond. As a result of Zech's conduct, the credit union was forced to, among other things, reduce its quarterly dividend payment from 4.5% to 1%.

In November 2007, the government charged Zech with one count of financial-institution fraud, 18 U.S.C. § 1344, and one count of money laundering, 18 U.S.C. § 1956. In December 2007, Zech pleaded guilty to both counts.

At Zech's April 2008 sentencing, the district court, adopting the recommendation of the presentence-investigation report, enhanced her offense level by 14 levels based on the amount of loss and by another four levels on the basis that Zech's conduct substantially jeopardized the safety and soundness of a financial institution. The district court sentenced Zech to 63 months' imprisonment and ordered her to pay $770,000 in restitution to the credit union and the bond issuer that paid on the bond. This appeal follows.

DISCUSSION

We review the imposition of a particular sentence for an abuse of discretion. *See Gall v. United States*, 552 U.S. ----, 128 S. Ct. 586, 591 (2007). In so doing, we may review a defendant's sentence for "both the procedural soundness of the district court's decision and the substantive reasonableness of the sentence imposed." *United States v. Merrival*, 521 F.3d 889, 890 (8th Cir. 2008). A district court commits procedural error by failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the 18 U.S.C. § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence. *See Gall*, 128 S. Ct. at 597. We review the district court's findings of fact for clear error. *United States v. Hunt*, 171 F.3d 1192, 1195-96 (8th Cir. 1999). We review the district court's interpretation of the Sentencing Guidelines and their application to the facts de novo. *See United States v. Searcy*, 233 F.3d 1096, 1099 (8th Cir. 2000).

I.    The district court did not commit procedural error by increasing Zech's offense level by four levels because her conduct substantially jeopardized the safety and soundness of a financial institution, U.S.S.G. § 2B1.1(b)(13)(B)(i) (2007).

Zech argues first that the district court erred by "incorrectly appl[ying] the guidelines in imposing the four-level enhancement for substantially jeopardizing the safety and soundness of a financial institution." In concluding that the enhancement applied, the district court relied on two circumstances described in section 2B1.1's commentary, the insolvency of the financial institution and the financial institution's substantial reduction in benefits to "pensioners or insureds."

The Sentencing Guidelines provide that a defendant's offense level shall be increased by four levels if the offense "substantially jeopardized the safety and soundness of a financial institution." U.S.S.G. § 2B1.1(b)(13)(B)(i). In resolving this question, the commentary directs a district court to consider the following list of non-

exhaustive factors: (1) the financial institution became insolvent; (2) the financial institution substantially reduced benefits to pensioners or insureds; (3) the financial institution was "unable on demand to refund fully any deposit, payment, or investment"; and (4) the financial institution was "so depleted of its assets as to be forced to merge with another institution in order to continue active operations." U.S.S.G. § 2B1.1 cmt. n.12(A)(i)-(iv).

On appeal, Zech takes aim at both of the district court's justifications for the enhancement, arguing that (1) her sentence could not be enhanced for putting the credit union in substantial jeopardy because it had a bond, which covered most of the loss, and the credit union did not actually become insolvent and (2) a member of a credit union is, as a matter of law, insufficiently analogous to the pensioners or insureds described in the commentary to justify application of the substantial-jeopardy enhancement.

Turning to the first of those arguments, we conclude that the district court here did not erroneously apply the substantial-jeopardy enhancement to Zech's criminal conduct. First, the fact that the credit union managed to avoid insolvency does not preclude application of the enhancement because actual insolvency (or any other circumstance listed in application note 12) is not a prerequisite for the substantial-jeopardy enhancement. By the commentary's own terms, the list is "non-exhaustive" and establishes only the requirement that the district court "shall consider" the factors in (i) through (iv) in determining whether conduct rises to the level of substantially jeopardizing the safety and soundness of a financial institution. *See* § 2B1.1 cmt. n.12. The list does not define all of the circumstances in which the enhancement is appropriate. Thus, Zech's principal argument, that the credit union did not actually become insolvent, does not establish that the district court erroneously applied the substantial-jeopardy enhancement. *Cf. United States v. Collins*, 361 F.3d 343, 348 (7th Cir. 2004) (construing an earlier version of the provision at issue and noting that the Sentencing Guidelines Commission intended an "expansive interpretation of what

it means to substantially jeopardize the safety and soundness of a financial institution").

Moreover, the record shows that the district court did not err. But for the bond, and the insurer's willingness to pay on the bond, it is undisputed that the credit union would have become insolvent. Zech's conduct put the credit union in a harrowing position and required the credit union to go to extraordinary efforts to ensure its financial viability by attempting to collect on the bond. *Cf. United States v. Young*, 413 F.3d 727, 733 (8th Cir. 2005) (affirming application of the substantial-jeopardy enhancement when defendant's fraud caused a bank to become "critically undercapitalized" and required "extraordinary efforts" from the bank president to survive as a going concern); *United States v. Brierton*, 165 F.3d 1133, 1136 (7th Cir. 1999) (affirming application of a similar enhancement when the district court found that but for the defendant's resignation and the installation of a new president, "the credit union faced a real danger of closing or going into receivership" (internal marks omitted)).

The district court's application of the enhancement is also supported by evidence that, although the bond ultimately saved the credit union from insolvency, the credit union was in substantial jeopardy *before* the bond paid for Zech's conduct. During this time period, the financial soundness of the credit union hinged precariously on the coverage decision of a third party—the bond issuer. We refuse to read the relevant Guidelines provision as turning on the whim of a third party. Stated differently, the fact that a mechanism exists to potentially reimburse the financial institution in the event of loss does not necessarily preclude the applicability of the enhancement. *Cf. United States v. Jackson*, 524 F.3d 532, 548 (4th Cir. 2008) (rejecting the argument that, because a defendant reimbursed the defrauded retirement plans, the plans had not been jeopardized). Thus, the district court was within its discretion to determine that the conduct substantially jeopardized the safety and

soundness of the credit union and did not, therefore, commit procedural error in calculating Zech's Guidelines range.[2]

II.    The district court did not commit procedural error by relying on both the Guidelines provision relating to offense-level increases for amount of loss, U.S.S.G § 2B1.1(b)(1), and the Guidelines provision relating to conduct that substantially jeopardizes the safety and soundness of a financial institution, U.S.S.G. § 2B1.1(b)(13)(B)(i).

Zech contends next that the district court committed procedural error by increasing her offense level for both the amount of the loss and substantially jeopardizing a financial institution, arguing that this "constituted impermissible double counting under the facts of this case." We disagree.

"Double counting occurs when 'one part of the Guidelines is applied to increase a defendant's punishment on account of a kind of harm that has already been fully accounted for by application of another part of the Guidelines.'" *United States v. Pena*, 339 F.3d 715, 719 (8th Cir. 2003) (quoting *United States v. Hipenbecker*, 115 F.3d 581, 583 (8th Cir. 1997)) (internal quotation marks omitted). But a district court does not double count for purposes of the Guidelines by enhancing an offense level for two or more reasons when those reasons "address conceptually separate sentencing notions." *United States v. Phillips*, 506 F.3d 685, 688 (8th Cir. 2007).

We conclude that the district court did not err. The conduct described in U.S.S.G § 2B1.1(b)(1) relates to the amount of loss. The conduct described in U.S.S.G. § 2B1.1(b)(13)(B)(i) relates to whether the conduct substantially jeopardized the safety and soundness of a financial institution. Because these provisions address

---

[2]In light of our holding, we need not consider whether the reduction of dividend payments to the credit-union members supports the district court's application of the enhancement.

conceptually separate sentencing notions, the district court did not commit procedural error by relying on both to increase Zech's offense level.

## CONCLUSION

For the foregoing reasons, we affirm.

_____