# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-1957

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Plaintiff - Appellee, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | Eastern District of Arkansas. |
| | * | |
| Darnell Battles, | * | **[UNPUBLISHED]** |
| | * | |
| Defendant - Appellant. | * | |

_____

Submitted: October 13, 2008
Filed: February 25, 2009

_____

Before LOKEN, Chief Judge, JOHN R. GIBSON and MURPHY, Circuit Judges.

_____

PER CURIAM.

Stopped for speeding, Darnell Battles was found to be in possession of nearly eight grams of crack cocaine and a loaded handgun. He pleaded guilty to possession with intent to distribute more than five but less than fifty grams, a violation of 21 U.S.C. § 841(a)(1). At sentencing, the district court[1] determined that Battles was a career offender under U.S.S.G. § 4B1.1(a), based in part on a 1986 battery conviction and a 1997 burglary conviction. This produced a base offense level of thirty-four and a criminal history category of VI, see U.S.S.G. § 4B1.1(b), resulting in an advisory

_____

[1]The HONORABLE G. THOMAS EISELE, United States District Judge for the Eastern District of Arkansas.

guidelines sentencing range of 210-262 months in prison. Rejecting Battles's contention that he deserved a downward departure based on his overstated criminal history, the court imposed a sentence of 210 months in prison. Battles appeals his sentence. We affirm.

On appeal, Battles concedes that the district court generally understood its authority to depart downward from the applicable guidelines range but erred "in construing the authority to depart" because the age of some prior convictions meant that his criminal history is outside the "heartland" of career offenders. Under Gall v. United States, 128 S. Ct. 586, 597 (2007), a district court's failure to understand its departure authority under the advisory Guidelines is a type of procedural error. See United States v. Phelps, 536 F.3d 862, 867-68 (8th Cir. 2008).

The Guidelines expressly authorize a downward departure if the sentencing court determines that the defendant's criminal history is overstated. See U.S.S.G. § 4A1.3. We have consistently held that a district court's decision not to depart downward is unreviewable so long as the court was aware of its authority to depart. See United States v. Frokjer, 415 F.3d 865, 874-75 (8th Cir. 2005); United States v. Riza, 267 F.3d 757, 758 (8th Cir. 2001). Here, as Battles concedes, the district court acknowledged its authority to depart and solicited argument whether a departure was warranted. Accordingly, the court's decision not to depart downward is unreviewable, and there was no procedural sentencing error. Because Battles was sentenced within his advisory guidelines range, the sentence is presumptively reasonable on appeal. United States v. Toothman, 543 F.3d 967, 970 (8th Cir. 2008).

The judgment of the district court is affirmed.

_____