# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-3191

_____

United States of America,

          Plaintiff-Appellee,

v.

Glenn Nickerson, Jr.,

          Defendant-Appellant.

\*
\*
\*  Appeal from the United States
\*  District Court for the District
\*  of Nebraska.
\*
\*  [UNPUBLISHED]
\*

_____

Submitted: April 16, 2009
Filed: April 22, 2009

_____

Before MURPHY, BRIGHT, and BYE, Circuit Judges.

_____

PER CURIAM.

Glenn Nickerson, Jr., appeals from the district court's[1] sentence of thirty-seven months' imprisonment following his plea of guilty to being a person committed to a mental institution in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(4) and 924(a)(2). We affirm.

---

[1]The Honorable Laurie Smith Camp, United States District Judge for the District of Nebraska.

Nickerson was charged in a multi-count indictment with (1) being a drug user in possession of a firearm and (2) being a person previously committed to a mental institution in possession of a firearm. Nickerson entered into a plea agreement with the prosecution, whereby the government agreed to dismiss count one in response to his plea of guilty to count two of the indictment. In the plea agreement, the government and Nickerson made several agreements related to sentencing, subject to Federal Rule of Criminal Procedure 11(c)(1)(B), which allows the government to agree to recommendations that are not binding on the district court concerning particular sentencing ranges or application of sentencing enhancements. The parties agreed Nickerson's base offense level would be fourteen, pursuant to U.S. Sentencing Guidelines Manual ("U.S.S.G.") § 2K2.1(a)(6).

Prior to sentencing, a presentence investigation report was prepared ("PSR") that calculated Nickerson's base offense level as twenty in accordance with U.S.S.G. § 2K2.1(a)(4)(B). The PSR determined § 2K2.1(a)(4)(B) applied because the weapon involved was a semiautomatic firearm. Nickerson objected to the PSR's calculation of his base offense level, arguing his base offense level should be fourteen in accordance with the plea agreement. The district court entered "Tentative Findings" in which it recognized the terms of the plea agreement, but determined a base offense level of twenty applied because the weapon was a semiautomatic firearm. The order further stated that if either party wanted to challenge these findings, they had to file a motion supported by evidentiary materials. Neither party filed a motion.

At sentencing, Nickerson argued for a variance below the recommended Guidelines range to a sentence comparable to the Guidelines range had his base offense level been fourteen, so as to honor the intent of the plea agreement. Nickerson never contested—either at sentencing or in response to the district court's "Tentative Findings"—that the weapon involved was not a semiautomatic firearm or that

U.S.S.G. § 2K2.1(a)(4)(B) did not apply. In fact, Nickerson's counsel stated, "Obviously the firearm causes a higher guideline range." With an adjusted offense level of seventeen (minus three levels for acceptance of responsibility) and a Criminal History Category III, Nickerson's advisory Guidelines range was between 30 and 37 months' imprisonment. The district court sentenced him to thirty-seven months' imprisonment to be followed by a three-year term of supervised release. Nickerson now appeals, arguing the court erred in concluding the weapon involved in his case was a semiautomatic firearm.

II

We review Nickerson's sentence for an abuse of discretion and consider both the procedural soundness and substantive reasonableness of the sentence imposed. See United States v. Zech, 553 F.3d 663, 665-66 (8th Cir. 2009) (standard of review). In assessing procedural reasonableness, we review the district court's interpretation and application of the Sentencing Guidelines de novo and its factual findings for clear error. United States v. Burnette, 518 F.3d 942, 945 (8th Cir. 2008).

Nickerson essentially argues the district court committed procedural error by determining his firearm was a semiautomatic weapon based on the PSR and in the absence of any proof submitted by the government. Nickerson's argument fails, however, because he never objected to the PSR's conclusion that the weapon was a semiautomatic firearm. "In the absence of a defendant's objection to the facts set forth in a PSR, a district court may assume them to be true." United States v. Hunter, 505 F.3d 829, 831 (8th Cir. 2007). Therefore, the district court did not commit error in relying on the PSR to determine Nickerson possessed a semiautomatic firearm.

Nickerson contends that he did object to the PSR by arguing a base offense level of twenty should not apply. While Nickerson did file an objection, he objected only on the grounds that a base offense level of twenty was in contravention of the

plea agreement.  Nickerson never objected, or argued at sentencing, that the PSR's factual finding concerning the nature of the firearm was incorrect.  In essence, he "objected to the use of the facts in the PSR for purposes of enhancing his sentence, but he did not object to the accuracy of the factual allegations . . . ."  Id.  Nickerson's counsel even conceded the accuracy of the PSR by stating that "**[o]bviously** the firearm causes a higher guideline range" (emphasis added).  Thus, the district court did not err by relying on the PSR to determine the applicability of U.S.S.G. § 2K2.1(a)(4)(B).  As such, we find no error, procedural or otherwise, in the district court's sentence.

III

Accordingly, we affirm.

_____