# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-3276

_____

United States of America,

        Plaintiff-Appellee,

    v.

Rodger Roberson, also known
as Pistol, also known as P,
also known as D,

        Defendant-Appellant.

\*             Appeal from the United States
\*             District Court for the Eastern
\*             District of Missouri.
\*
\*             [UNPUBLISHED]

_____

Submitted: June 8, 2009
Filed: June 22, 2009

_____

Before BYE, HANSEN, and BENTON, Circuit Judges.

_____

PER CURIAM.

Rodger Roberson appeals the district court's[1] sentence of 120 months imprisonment following his plea of guilty to being a Felon in Possession of a Firearm in violation of 18 U.S.C. § 922(g)(1). We affirm.

---

[1]The Honorable Rodney W. Sippel, United States District Judge for the Eastern District of Missouri.

# I

On October 14, 2007, an off-duty police officer was driving with his girlfriend in his personal vehicle, a Chevrolet Cavalier, in St. Louis, Missouri. As he was stopped at a traffic light before entering Interstate 70, the police officer observed a silver Chevrolet Tracker, operated by Roberson, approach from behind. Roberson did not know the driver of the Cavalier was a police officer. As they entered the entrance ramp onto Interstate 70, Roberson pulled next to the Cavalier and retrieved a .38 caliber revolver from inside the car. For no discernable reason, Roberson pointed the revolver at the passenger window of the Cavalier and fired three times, shooting out the passenger side window and shooting two holes in the passenger side door of the Cavalier. Remarkably, the police officer and his girlfriend were not physically injured. The police officer returned fire, injuring a passenger in the backseat of the Tracker, and Roberson drove away.

Later that morning, St. Louis police detectives were called to Barnes Jewish Hospital for a reported gunshot victim. The victim stated that he was riding in the backseat of a silver Chevy Tracker being operated by Roberson when he was shot. According to the victim, he, Roberson, and two other people were returning from East St. Louis, Illinois, and Roberson transported the revolver he used in the shooting across state lines. Roberson apparently became belligerent at the driver of the Cavalier, and, despite attempts by the other occupants of the car to calm Roberson down, he shot at the Cavalier. When interviewed, the other two occupants of the car confirmed this version of the events.

A review of Roberson's criminal history revealed that he has previously been convicted in the Eastern District of Missouri of possession of a firearm with an obliterated serial number. That conviction stemmed from an incident on May 28, 2006, when police officers attempted to arrest Roberson for traffic violations. Roberson led the officers on a high-speed chase, which ended with Roberson crashing

his vehicle. As the officers pulled Roberson from his vehicle, they discovered a .38 caliber revolver with an obliterated serial number. Roberson was sentenced in the Eastern District of Missouri to ten months imprisonment and two years of supervised release.

Based on this prior felony conviction, Roberson was indicted with being a felon in possession of a firearm. Following his indictment, Roberson's supervised release for his prior felony conviction was revoked, and he was sentenced to eighteen months imprisonment. On July 22, 2008, Roberson pleaded guilty to the felon-in-possession charge. Pursuant to U.S. Sentencing Guidelines Manual ("U.S.S.G.") § 2K2.1(c)(1)(A), which requires a court to cross reference a defendant's base offense level if the defendant used or possessed a firearm in conjunction with another crime for which the offense level is higher, Roberson's base offense level was 27, correlating with the base offense level for attempted murder. Roberson's offense level was adjusted down to 24 for his acceptance of responsibility. Roberson's Criminal History Category was IV, resulting in part from an increase because Roberson committed the instant offense within two years of being released from his prior felony conviction. This created a Guidelines range of 77 to 96 months imprisonment. Roberson and the government agreed in the plea agreement to argue for a within-Guidelines sentence to be served consecutively to the eighteen-month sentence previously imposed for the supervised release violation.

At sentencing, the district judge varied upward and imposed the statutory maximum of 120 months imprisonment. The court enumerated several reasons for its sentence:

> Usually one prior felony doesn't like stand out, but here a prior felony where law enforcement officials attempting to arrest him for violating traffic laws results in a high speed chase which results in a traffic accident shows incredible disregard for the safety of law enforcement and other citizens . . . [A]nd within a matter of months after he is

released, he commits an act of this violent nature . . . . Protect the public, I mean one of the hardest things about this is the randomness of the act. Most crimes are not random. There are very specific victims for very specific reasons. Rarely do we see such a random act of violence of such an extreme nature.

. . .

[H]e has both, a lack of respect for law enforcement evidenced by his first conviction and the total random act of violence against an ordinary citizen, both of which had the possibility of death, to roll a car, cause an automobile accident because he is leaving, fleeing, a traffic stop or to open fire into a random vehicle. The possibility of death for people just doing their job or just driving down the street is not an acceptable risk, and I don't think the guidelines in this case fully took into consideration the nature, the short nature, of his history being as violent as it is as risky to law enforcement and citizens; I mean the ultimate consequence of losing someone's life over what, a traffic violation. You didn't like the way someone was driving.

The court also noted that one kilogram of heroin or one thousand marijuana plants would require a mandatory minimum of 120 months imprisonment.

Roberson now appeals, arguing the district court's upward variance was unreasonable.

II

We review Roberson's sentence for an abuse of discretion and consider both the procedural soundness and substantive reasonableness of the sentence imposed. See United States v. Zech, 553 F.3d 663, 665-66 (8th Cir. 2009) (standard of review). Roberson does not argue the district court committed any procedural error, only that it imposed a substantively unreasonable sentence. We review "the ultimate sentence, whether inside or outside the guidelines range, for reasonableness under an abuse of

-4-

discretion standard." United States v. Ruvalcava-Perez, 561 F.3d 883, 886 (8th Cir. 2009). An abuse of discretion may occur "when (1) a court fails to consider a relevant factor that should have received significant weight; (2) a court gives significant weight to an improper or irrelevant factor; or (3) a court considers only the appropriate factors but in weighing those factors commits a clear error of judgment." United States v. Haack, 403 F.3d 997, 1004 (8th Cir. 2005) (internal quotation omitted). A district court does not automatically abuse its discretion by varying upward from the advisory Guidelines range. In such cases, we "may consider the extent of the deviation, but must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." Gall v. United States, 128 S. Ct. 586, 597 (2007).

Roberson argues the district court's rationale for varying upward was based on the violent nature of the instant offense and his prior felony conviction, both of which were already taken into account in calculating his Guidelines range. Additionally, Roberson argues his sentence creates unwarranted sentencing disparities and was based on the district court's improper consideration of mandatory minimum sentences for drug offenses.

Considering the totality of the evidence, however, we conclude the district court did not abuse its discretion in sentencing Roberson to the statutory maximum of 120 months imprisonment. The district court concluded the Guidelines did not take into account Roberson's violent tendencies, particularly his deliberate disregard for the safety of others during random acts of violence. While it is true the Guidelines accounted for the seriousness of the instant offense and Roberson's recent conviction, the district court did not abuse its discretion in concluding the Guidelines did not account for the extreme, dangerous, and random nature of the acts. Specifically, Roberson embarked on a dangerous high-speed car chase that led to his prior conviction, and, within months of being released from prison for that offense, he attempted to kill two people in another vehicle apparently because he was upset at the

manner in which they were driving.  Moreover, given the danger Roberson poses to society, his 120-month sentence does not create unwarranted sentencing disparities with others convicted of being a felon in possession of a firearm.  Finally, although the district court did briefly mention the mandatory minimum sentences for drug offenses, it is clear from the record the court did not base its sentence on any improper considerations.  Rather, the court gave a lengthy explanation, excerpted above, justifying Roberson's sentence based on the nature of the offense and his criminal history.  In sum, we conclude the district court did not abuse its discretion in sentencing Roberson.

## III

Accordingly, we affirm.

_____