UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-5294**

UNITED STATES OF AMERICA,

                Plaintiff – Appellee,

        v.

RAJENDRASINH BABUBAHAI MAKWANA,

                Defendant – Appellant.

Appeal from the United States District Court for the District of Maryland, at Baltimore.    J. Frederick Motz, Senior District Judge.  (1:09-cr-00043-JFM-1)

Submitted:  August 24, 2011          Decided:  August 31, 2011

Before GREGORY, SHEDD, and DAVIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Marta K. Kahn, THE LAW OFFICE OF MARTA K. KAHN, LLC, Baltimore, Maryland, for Appellant.    Rod J. Rosenstein, United States Attorney, P. Michael Cunningham, Assistant United States Attorney, Anthony V. Teelucksingh, Special Assistant United States Attorney, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Rajendrasinh Babubahai Makwana appeals his conviction after a jury trial for causing and attempting to cause the transmission of a code to a protected computer, in violation of 18 U.S.C. § 1030(a)(5)(A)(i), (B)(i), (c)(4)(A) (2006), and forty-one-month prison sentence. On appeal, Makwana argues that the district court erred in refusing to instruct the jury on reasonable doubt and erred in the calculation of his Guidelines sentencing range. We affirm.

We review the district court's refusal to give a party's requested jury instruction for abuse of discretion. United States v. Passaro, 577 F.3d 207, 221 (4th Cir. 2009), cert. denied, 130 S. Ct. 1551 (2010). Makwana argues that the district court erred when it did not instruct the jury on the definition of the term "reasonable doubt" after defense counsel requested that it do so. We have "consistently and vigorously condemned the attempts of [district] courts to define reasonable doubt," unless such an instruction is requested by the jury. United States v. Reives, 15 F.3d 42, 45 (4th Cir. 1994). In this case, the jury did not request a definition of the term "reasonable doubt." Although Makwana requests that we overrule this precedent, we decline the invitation. United States v. Rivers, 595 F.3d 558, 564 n.3 (4th Cir. 2010) ("[A] panel of this court cannot overrule, explicitly or implicitly, the

precedent set by a prior panel of this court. Only the Supreme Court or this court sitting en banc can do that." (internal quotation marks omitted)). We therefore conclude that the court did not err in refusing to give Makwana's requested jury instruction.

Makwana also challenges his forty-one-month sentence, arguing that the district court erred in its calculation of the Guidelines range by: (1) applying the two-level enhancement under U.S. Sentencing Guidelines Manual ("USSG") § 2B1.1(b)(9)(C) (2010) for his use of sophisticated means and (2) applying the four-level enhancement under USSG § 2B1.1(b)(14)(B)(i) because his offense substantially jeopardized the safety and soundness of a financial institution. We review Makwana's sentence for reasonableness "under a deferential abuse-of-discretion" standard. Gall v. United States, 552 U.S. 38, 41, 51 (2007). In conducting this review, we ensure that the district court correctly calculated Makwana's Guidelines range. Id. at 49, 51. When reviewing the district court's application of the Guidelines, we review de novo the application of the Guidelines to the facts. United States v. Sosa-Carabantes, 561 F.3d 256, 259 (4th Cir. 2009).

Under the Guidelines, a two-level enhancement to a defendant's offense level is warranted if the offense involved "sophisticated means." USSG § 2B1.1(b)(9)(C). The enhancement

3

applies when a defendant employs "especially complex or especially intricate offense conduct pertaining to the execution or concealment of an offense." USSG § 2B1.1, cmt. n.8(B). A defendant's offense of conviction may involve "sophisticated means" even if not every aspect of his scheme was complex or intricate. United States v. Edelmann, 458 F.3d 791, 816 (8th Cir. 2006). The enhancement applies if the "defendant's total scheme was undoubtably sophisticated." Id. (internal quotation marks omitted); see United States v. Weiss, 630 F.3d 1263, 1279 (10th Cir. 2010) ("The Guidelines do not require every step of the defendant's scheme to be particularly sophisticated; rather, as made clear by the Guidelines' commentary, the enhancement applies when the execution or concealment of a scheme, viewed as a whole, is especially complex or especially intricate." (internal quotation marks omitted)); see also United States v. Jackson, 346 F.3d 22, 25 (2d Cir. 2003) (concluding that a credit card fraud scheme linking unelaborate steps in a coordinated way to exploit the vulnerabilities of the banking system was "sophisticated").

Although not every aspect of Makwana's scheme was complex or intricate, we easily conclude that, viewed as a whole, Makwana's mode of access to the Fannie Mae server in which he embedded malicious code, coupled with his efforts to conceal the presence of the code and his connection to it, were

4

unambiguously sophisticated.  Accordingly, the district court did not err in applying the two-level enhancement under USSG § 2B1.1(b)(9)(C).

Makwana also argues that the district court erred in applying the four-level enhancement under USSG § 2B1.1(b)(14)(B)(i) for an offense that substantially jeopardized the safety and soundness of a financial institution. Makwana asserts that Fannie Mae's safety and soundness was not jeopardized because neither the outcomes described in the commentary to the Guideline nor any outcomes akin to those described in the commentary occurred as a result of his transmission of the malicious script.

Analysis of section 2B1.1(b)(14)(B)(i) of the Guidelines properly begins with the plain language of the Guideline itself.  See United States v. Tigney, 367 F.3d 200, 203 (4th Cir. 2004) (rejecting a party's Guideline interpretation because it conflicted with the Guideline's plain language).  This section of the Guidelines provides for a four-level enhancement to a defendant's offense level if his offense "substantially jeopardized the safety and soundness of a financial institution."  USSG § 2B1.1(b)(14)(B)(i).  The commentary to section 2B1.1 directs a district court to consider a list of four "non-exhaustive" factors in determining whether the safety and soundness of a financial institution has been

5

substantially jeopardized by the defendant's offense conduct. USSG § 2B1.1, cmt. n.12(A)(i)-(iv). <u>See</u> <u>United States v. Seay</u>, 553 F.3d 732, 737 (4th Cir. 2009) (recognizing the Guidelines' commentary is authoritative). The commentary does not require the fulfillment of any one particular factor, some combination of the factors, or all of the factors for the enhancement to apply. USSG § 2B1.1, cmt. n.12(A).

The Guideline does not define the terms "substantially" and "jeopardized." Application of standard dictionary definitions of these terms leads us to conclude that the plain language of USSG § 2B1.1(b)(14)(B)(i) clearly indicates that a financial institution need not actually suffer any of the outcomes specifically delineated in application note 12(A) or any actual harm to its safety or soundness for the four-level enhancement to apply. Rather, the financial institution's safety and soundness need only be placed in a position of non-illusory exposure to risk. <u>See</u> <u>United States v. Zech</u>, 553 F.3d 663, 666-67 (8th Cir. 2009) ("The list [in application note 12(A)] does not define all of the circumstances in which the enhancement is appropriate. Thus, Zech's principal argument, that the [financial institution] did not actually become insolvent, does not establish that the district court erroneously applied the substantial-jeopardy enhancement."); <u>United States v. Jackson</u>, 524 F.3d 532, 548 (4th Cir. 2008)

6

(construing an earlier version of the Guideline and affirming its application even though one of the defendants ultimately surrendered assets to reimburse company for losses to retirement and health plans), vacated on other grounds by Jackson v. United States, 129 S. Ct. 1307 (2009).

Makwana's contention that Fannie Mae was not jeopardized because the malicious script did not execute lacks merit. The district court's findings make clear that Makwana's offense conduct jeopardized Fannie Mae's soundness by exposing the entity to the non-illusory risk of losing all of the data stored on its computer servers. Although the malicious code was discovered and removed before the date it was programmed to execute, it was not necessary to the application of Makwana's enhancement that the data on the servers be actually deleted. Consequently, we affirm the district court's imposition of the four-level enhancement under USSG § 2B1.1(b)(14)(B)(i).[*]

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal

---

[*] Makwana also suggests that, even if the malicious script had executed, the outcome forecast by the Government—namely, that Fannie Mae's business activity would have been halted for at least one day at a loss of 47.7 million dollars in revenue—does not qualify as conduct that would have substantially jeopardized Fannie Mae's safety and soundness. We reject this argument because the district court did not adopt the Government's position in this regard as one of its findings of fact.

7

contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED