# United States Court of Appeals
### For the Eighth Circuit

_____

No. 16-1304

_____

United States of America

*Plaintiff - Appellee*

v.

Richard Angelo McFee

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Minnesota - St. Paul

_____

Submitted: November 14, 2016
Filed: November 17, 2016

_____

Before MURPHY, BENTON, and SHEPHERD, Circuit Judges.

_____

MURPHY, Circuit Judge.

On May 10, 2015 Richard Angelo McFee discharged a firearm into an occupied residence. McFee was subsequently indicted on one count of being a felon in possession of a firearm to which he pled guilty. See 18 U.S.C. § 922(g)(1). At sentencing the district court determined that he had three prior convictions that qualified as Armed Career Criminal Act (ACCA) predicate offenses. The court then sentenced him to 180 months imprisonment. McFee appeals, arguing that his prior

conviction under Minn. Stat. § 609.713, subd. 1 (2004) for making terroristic threats does not qualify as an ACCA predicate offense. We vacate McFee's sentence and remand for resentencing.

We review de novo whether a conviction qualifies as an ACCA predicate offense. United States v. Headbird, 832 F.3d 844, 846 (8th Cir. 2016). The ACCA imposes a mandatory minimum fifteen year sentence if a defendant has been convicted as a felon in possession of a firearm "and has three previous convictions . . . for a violent felony." 18 U.S.C. § 924(e)(1). The ACCA defines "violent felony" to include any federal or state offense punishable by more than one year imprisonment that either: "(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, [or] involves use of explosives." Id. § 924(e)(2)(B). The former is known as the force clause and the latter is known as the enumerated clause. See United States v. Jordan, 812 F.3d 1183, 1185 (8th Cir. 2016). Since McFee's prior conviction is for terroristic threats, the only issue here is whether it "has as an element the use, attempted use, or threatened use of physical force against the person of another." 18 U.S.C. § 924(e)(2)(B).

To determine whether a prior conviction qualifies as an ACCA predicate offense under the force clause, we typically "apply a categorical approach, looking to the elements of the offense as defined in the . . . statute of conviction rather than to the facts underlying the defendant's prior conviction." United States v. Rice, 813 F.3d 704, 705 (8th Cir. 2016) (quoting United States v. Dawn, 685 F.3d 790, 794 (8th Cir. 2012)) (alteration in Dawn). If the statute of conviction is divisible however in that it defines multiple crimes, some of which are ACCA predicate offenses "and some of which are not, we apply a modified categorical approach to look at the charging document, plea colloquy, and comparable judicial records for determining which part of the statute the defendant violated." Id. "We then determine whether a violation of that statutory subpart is" an ACCA predicate offense. Id.

-2-

Minnesota's terroristic threats statute makes it a crime to "threaten[], directly or indirectly, to commit any crime of violence with purpose to terrorize another . . . or in a reckless disregard of the risk of causing such terror." Minn. Stat. § 609.713, subd. 1 (2004). The statute then states that "'crime of violence' has the meaning given 'violent crime' in section 609.1095, subdivision 1, paragraph (d)." Id. Section 609.1095, subd. 1(d) (2004) provides a list of crimes that qualify as "violent crime[s]."

Some of the crimes listed in Minn. Stat. § 609.1095, subd. 1(d) (2004) qualify as ACCA predicate offenses and some do not. See United States v. Sanchez-Martinez, 633 F.3d 658, 660 (8th Cir. 2011). A Minnesota terroristic threats conviction thus is not an ACCA predicate offense under the categorical approach. See Rice, 813 F.3d at 705. We must therefore decide whether we may apply the modified categorical approach to determine which crime McFee threatened to commit. See id. We may only apply the modified categorical approach if the statue is divisible. See Headbird, 832 F.3d at 846.

To determine whether Minnesota's terroristic threats statute is divisible, we must ascertain "which words or phrases in the statute are elements of the crime" as opposed to the means, or specific facts, of satisfying these elements. Headbird, 832 F.3d at 847. A list of alternative elements is divisible, but a list of alternative means is not. See Mathis v. United States, 136 S. Ct. 2243, 2256 (2016). The elements of a crime "are what the jury must find beyond a reasonable doubt to convict the defendant; and at a plea hearing, they are what the defendant necessarily admits when he pleads guilty." Id. at 2248 (citation omitted). The specific facts underlying a prior conviction, however, are "mere real-world things—extraneous to the crime's legal requirements." Id. In Mathis the Supreme Court held that when analyzing which words or phrases of a statute constitute the elements of a crime, courts may look to state court decisions, the statute of prior conviction, and, as a last resort, "the record of a prior conviction itself." Id. at 2256.

We conclude that the Minnesota terroristic threats statute's definition of "crime of violence" is not divisible. The statutory construction here supports that conclusion. In Headbird we concluded that if a phrase is defined in a separate statutory section, that "provides textual support" that the definition is a list of "means by which [an] element may be committed." 832 F.3d at 849. The fact that the definition of "crime of violence" is contained in a separate section of the Minnesota criminal statutes thus provides textual support for the conclusion that the term "crime of violence" is intended to be an element of the crime and that the list of violent crimes in Minn. Stat. § 609.1095, subd. 1 contains alternative means by which that element may be committed. See id.

The record in McFee's conviction for terroristic threats also indicates that the definition of "crime of violence" is a list of means, not elements. In Mathis, the Supreme Court held that courts may look to the record of a prior conviction "if state law fails to provide clear answers." 136 S. Ct. at 2256. Here, McFee's charging document charged him with "wrongfully and unlawfully directly or indirectly threaten[ing] to commit a crime of violence, with purpose to cause, or in reckless disregard of the risk causing terror in another." Since the charging document used the "single umbrella term" of "crime of violence" without specifying the particular crime threatened, the record suggests that the prosecution was only required to prove that McFee threatened a "crime of violence" but not the particular crime he threatened. See id. at 2257.

Moreover, at least one other circuit court has concluded that a similar terroristic threats statute is indivisible as to the specific crime threatened. United States v. Brown, 765 F.3d 185, 191–93 (3d Cir. 2014). In Brown, the statute at issue defined terroristic threats as "communicat[ing], either directly or indirectly, a threat to: (1) commit any crime of violence with intent to terrorize another." Id. at 191 (quoting 18 Pa. Cons. Stat. § 2706(a)) (alteration in Brown). Another Pennsylvania statue defined "a 'crime of violence' for purposes of sentencing." Id. at 192 (citing 42 Pa.

Cons. Stat. § 9714(g)). The court thus concluded that the statute defining a "crime of violence" was a list of means because it was contained in a separate statutory section. See id. at 193.

The government argues that the Minnesota Court of Appeals concluded in State v. Jorgenson, 758 N.W.2d 316 (Minn. Ct. App. 2008), that the particular crime of violence threatened is an element of Minnesota's terroristic threats statute. The defendant in Jorgenson argued that the district court committed plain error by instructing the jury that the first element of terroristic threats was that "the defendant threatened, directly or indirectly, to commit a crime of violence. You are instructed that assault is a crime of violence." Id. at 320 (emphasis removed). The defendant argued that it was plain error to instruct the jury that assault was a crime of violence because the definition of "crime of violence" includes first through third degree assault, but excludes fourth degree, fifth degree, and domestic assault. Id. at 323.

The Jorgenson court concluded that the instruction was erroneous because "instead of advising the jury that only assault in the first, second, and third degree are crimes of violence, the [district] court merely stated, 'You are instructed that assault is a crime of violence.'" Jorgenson, 758 N.W.2d at 323–24. The court then determined that this error was plain because the instruction did not "specifically limit the definition of 'violent crime' to the applicable offenses listed in Minn. Stat. § 609.1095, subd. 1(d)." Id. at 324. The court indicated that in the future, district courts should instruct juries on "which predicate offenses constitute a violent crime and which do not for purposes of the facts of a particular case." Id.

The government's argument that Jorgenson concluded that the particular crime of violence threatened is an element of Minnesota's terroristic threats statute primarily relies on a statement in the opinion that "[t]o convict a defendant on a charge of felony terroristic threats, a jury must find that the defendant threatened a specific predicate crime of violence, as listed in Minn. Stat. § 609.1095." Jorgenson, 758

N.W.2d at 325. This statement by the court was made in support of its conclusion that the erroneous jury instruction "affect[ed] the outcome of the case." Id. The court was therefore explaining that the instruction that "assault is a crime of violence" affected the outcome of the case because the jury could have "interpreted the phrase . . . to include all levels of assault," which includes three levels of assault not listed as crimes of violence in Minn. Stat. § 609.1095. Id. Read in the context of the whole opinion, however, this quotation merely stands for the proposition that the jury must find that a defendant committed a crime of violence, as defined by Minn. Stat. § 609.1095, not that it must unanimously find which specific crime of violence a defendant threatened to commit.

We conclude that the phrase "to commit any crime of violence" is an element of the Minnesota terroristic threats statute, Minn. Stat. § 609.713, subd. 1, and that the separate definition of "crime of violence" in § 609.1095, subd. 1(d), lists means by which that element is met. The element "to commit any crime of violence" is not divisible. Minnesota's definition of "crime of violence" is broader than the ACCA requirement that a prior conviction have "as an element the use, attempted use, or threatened use of physical force against the person of another." See 18 U.S.C. § 924(e)(2)(B). McFee's prior conviction for terroristic threats thus was not an ACCA predicate offense, and he does not qualify as an armed career criminal because he had only two prior ACCA predicate convictions.

For these reasons we vacate McFee's sentence and remand for resentencing consistent with this opinion.

_____