# United States Court of Appeals
## For the Eighth Circuit

_____

No. 17-1850

_____

United States of America

*Plaintiff - Appellee*

v.

Cody Kinzie Dittmar

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Northern District of Iowa - Dubuque

_____

Submitted: April 13, 2018
Filed: July 27, 2018

_____

Before GRUENDER, BENTON, and GRASZ, Circuit Judges.

_____

GRUENDER, Circuit Judge.

Cody Dittmar pleaded guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). The district court found that he qualified for a sentencing enhancement under the Armed Career Criminal Act ("ACCA") on the basis of two prior convictions for arson in Iowa and one prior conviction for burglary in Wisconsin. *See* 18 U.S.C. § 924(e). On appeal, Dittmar argues that the district

court erred in designating him an armed career criminal. We review this designation *de novo*. *United States v. McFee*, 842 F.3d 572, 574 (8th Cir. 2016).

The ACCA imposes a sentencing enhancement when a defendant is convicted of being a felon in possession of a firearm following three prior convictions for a "violent felony." 18 U.S.C. § 924(e)(1). The ACCA defines burglary and arson as violent felonies. *Id.* § 924(e)(2)(B)(ii). However, only the usual or "generic" versions of these crimes—that is, "the offense as commonly understood"—are valid ACCA predicates. *Mathis v. United States*, 136 S. Ct. 2243, 2247-48 (2016) (burglary); *United States v. Whaley*, 552 F.3d 904, 907 (8th Cir. 2009) (arson). Many state statutes prohibit a broader range of conduct than the generic version of an offense, and the sentencing court must determine whether the elements of a prior conviction match the elements of the generic crime. *Mathis*, 136 S. Ct. at 2248. Applying the "categorical approach," the court may look only to the elements of the crime of conviction—not to the particular facts of the case—to determine whether a conviction was for the generic offense. *Id.*

Dittmar had two prior convictions under Iowa's arson statute, which defines arson in two subsections. *See* Iowa Code § 712.1. The district court found that subsection (1) matches the definition of generic arson, while the Government conceded that subsection (2) does not. Where a statute contains alternative elements, essentially creating multiple crimes, the statute is "divisible." *Descamps v. United States*, 570 U.S. 254, 261-62 (2013). In such cases, the court uses the "modified categorical approach" to determine which of the multiple crimes in the divisible statute provided the basis for the conviction. *Id.* The district court applied the modified categorical approach and determined that Dittmar was convicted of generic arson under subsection (1).

The court made this determination on the basis of the minutes of evidence (also referred to as the minutes of testimony). Under Iowa Rule of Criminal Procedure

2.5(1), a prosecution can be commenced by filing "[a]n information charging a person with an indictable offense." Rule 2.5(3) further provides that the prosecutor "shall, at the time of filing such information, also file the minutes of evidence of the witnesses," which lists "each witness upon whose expected testimony the information is based, and a full and fair statement of the witness' expected testimony." The trial court examines the information and the minutes of evidence to determine whether there is probable cause to proceed. *See* Iowa R. Crim. P. 2.5(4), 2.11(6)(a); *State v. Shank*, 296 N.W.2d 791, 792 (Iowa 1980).

Dittmar argues that the district court improperly relied on the minutes of evidence when it applied the modified categorical approach because the Supreme Court allows "only a restricted look beyond the record of conviction" to "records of the convicting court approaching the certainty of the record of conviction in a generic crime State." *Shepard v. United States*, 544 U.S. 13, 23 (2005). The sentencing court may look "to the terms of a charging document, the terms of a plea agreement or transcript of colloquy between judge and defendant in which the factual basis for the plea was confirmed by the defendant, or to some comparable judicial record of this information." *Id.* at 26.

Thus, we must determine whether the minutes of evidence are a charging document or "some comparable judicial record" falling within *Shepard*'s list of permissible documents. *Id.* Here, though the minutes of evidence are required to be filed with the information, the Iowa Rules of Criminal Procedure treat the minutes as a distinct document and state that the "prosecuting attorney shall, at the time of filing such information, *also* file the minutes of evidence." *See* Iowa R. Crim. P. 2.5(3) (emphasis added). While this is not dispositive, *Shepard* also held that a sentencing court could not consider "police reports or complaint applications," even where "the underlying purpose would be . . . to determine the nature of the offense of which [the defendant] was convicted, rather than to determine what he actually did." 544 U.S. at 16, 21 (alterations omitted). Moreover, *Shepard* stated that a court could look only

to a written plea agreement or plea colloquy "in which the factual basis for the plea was confirmed by the defendant." *Id*. at 26. Only these records "approach[] the certainty of the record of conviction in a generic crime State." *Id.* at 23.

These factors lead us to conclude that the minutes of evidence are not permissible *Shepard* documents if the defendant has not confirmed their accuracy in a plea agreement or during plea colloquy. In this case, the minutes consist of a narrative listing expected witnesses and detailing their anticipated testimony. According to the record, Dittmar did not specifically confirm the minutes when he pleaded guilty. This fact distinguishes the cases cited by the Government involving defendants who expressly admitted that the minutes were accurate during plea colloquy. *See, e.g.*, *United States v. Hunter*, 505 F.3d 829, 831 (8th Cir. 2007). As noted, moreover, the purpose of the minutes is to allow the trial judge to ascertain whether there is probable cause to proceed. They thus resemble a complaint application or police report, which are not permissible *Shepard* documents. *See United States v. Donnell*, 661 F.3d 890, 894 (4th Cir. 2011) ("The police reports and complaint applications at issue in *Shepard* are similar to the statement of probable cause at issue here: Both are used to make an assessment of probable cause and depart from the certainty of the record of conviction."). These considerations tip the scale in Dittmar's favor.

In sum, we hold that the Iowa minutes of evidence are not permissible *Shepard* documents if the defendant has not confirmed their accuracy. Thus, the district court improperly used them to apply the modified categorical approach to determine whether Dittmar had the three necessary predicate convictions under the ACCA. Consequently, we vacate Dittmar's sentence and remand for resentencing.

_____