# United States Court of Appeals
## For the Eighth Circuit

_____

No. 17-1391

_____

United States of America

*Plaintiff - Appellee*

v.

Richard Angelo McFee

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Minnesota - St. Paul

_____

Submitted: September 24, 2018
Filed: December 11, 2018
[Unpublished]

_____

Before LOKEN, BENTON, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Richard Angelo McFee pled guilty to being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1). After this court vacated his original sentence and remanded the case, the district court[1] sentenced McFee to 115

_____

[1]The Honorable Richard H. Kyle, United States District Judge for the District of Minnesota.

months imprisonment. He appeals, alleging the court wrongfully failed to depart or vary downward in his sentencing and that his resulting sentence is unreasonable. We affirm.

At initial sentencing, the district court found McFee to be an armed career criminal pursuant to 18 U.S.C. § 924, triggering a United States Sentencing Guidelines range of 188-235 months imprisonment. Given McFee's severe Crohn's disease, the court granted a downward departure based on his physical condition and sentenced him to 180 months imprisonment. United States Sentencing Commission, Guidelines Manual, § 5H1.4. McFee appealed his armed career criminal designation, and after finding that he lacked the necessary predicate offenses, we vacated the sentence and remanded. United States v. McFee, 842 F.3d 572, 577 (8th Cir. 2016). McFee's revised presentence investigation report recommended a range of 110-120 months imprisonment. At his resentencing hearing, McFee sought another downward departure or downward variance, contending his physical condition had worsened in prison. As evidence, he offered multiple medical reports, several of which noted his noncompliance with his treatment regimen and his aggression towards medical staff. The district court sentenced McFee to 115 months imprisonment, denying his motion for a departure or variance by opting for the midpoint of the recommended sentencing range.

In reviewing a sentence, we first establish the absence of procedural errors such as the district court "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." Gall v. United States, 552 U.S. 38, 51 (2007). Additionally, "a district court's failure to understand its departure authority under the advisory Guidelines is a type of procedural error." United States v. Battles, 311 F. App'x 930, 931 (8th Cir. 2009) (per curiam).

If the district court's decision is "procedurally sound," we consider the substantive reasonableness of the sentence, weighing the totality of the circumstances and giving great deference to the district court. See Gall, 552 U.S. at 51-52; United States v. David, 682 F.3d 1074, 1076-77 (8th Cir. 2012).

McFee first argues that the district court committed procedural error in denying his motion for a downward departure. He contends that the "law of the case doctrine" bound the district court to apply the same downward departure at resentencing as it had before, citing Pepper v. United States, 562 U.S. 476, 506 (2011). However, Pepper itself emphasized that "a district court's 'original sentencing intent may be undermined by altering one portion of the calculus . . . .'" Id. at 507 (quoting United States v. White, 406 F.3d 827, 832 (7th Cir. 2005)). Therefore, "an appellate court when reversing one part of a defendant's sentence 'may vacate the entire sentence . . . so that, on remand, the trial court can reconfigure the sentencing plan . . . to satisfy the sentencing factors in 18 U.S.C. § 3553(a).'" Id. (quoting Greenlaw v. United States, 554 U.S. 237, 253 (2008)). "The discretionary denial of a motion for downward departure is unreviewable unless the court failed to recognize its authority to depart." United States v. Andreano, 417 F.3d 967, 970 (8th Cir. 2005). Furthermore, "a district court is presumed to be aware" of its ability to depart. United States v. Riza, 267 F.3d 757, 759 (8th Cir. 2001) (quoting United States v. Walker, 191 F.3d 326, 338 (2d Cir. 1999)).

We vacated McFee's original sentence and remanded for resentencing after finding that he had insufficient predicate offenses to qualify as an armed career criminal. McFee, 842 F.3d at 577. This left the district court free to reconfigure his sentencing and exercise its discretion to deny McFee's second request for a downward departure. Though the court's denial was implicit, we presume that it recognized its authority to depart. Riza, 267 F.3d at 759. Because McFee's departure claim is unreviewable, we examine only his claim that the district court's refusal to

grant a downward variance resulted in an unreasonable sentence that failed to properly consider his physical condition.

We review the substantive reasonableness of a sentence using a "deferential abuse of discretion standard." Gall, 552 U.S. at 52. Because the district court sentenced McFee to a term within the recommended Guidelines range, its decision is presumptively reasonable. United States v. Barron, 557 F.3d 866, 870 (8th Cir. 2009). However, a district court may abuse its discretion if it "(1) fails to consider a relevant factor that should have received significant weight; (2) gives significant weight to an improper or irrelevant factor; or (3) considers only the appropriate factors but in weighing those factors commits a clear error of judgment." United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009) (en banc) (internal quotation marks omitted).

This is not the "unusual case" when a sentence is so unreasonable as to merit reversal. Id. at 464. The parties fully argued McFee's medical history and current condition. In its judgment, the district court specifically recommended to the Bureau of Prisons that McFee be designated to a federal medical center. Accordingly, the district court did consider McFee's medical status. Considering the seriousness of the offense and McFee's lengthy criminal history, we find no abuse of discretion in the district court's imposition of a mid-range sentence. Additionally, it is worth noting that McFee's condition did not prevent him from committing crimes; he was wearing a colostomy bag when he shot multiple rounds into the victims' home. There is no evidence that imposing a 115-month sentence is an abuse of discretion in light of McFee's Crohn's disease.

Therefore, the district court did not commit procedural error or impose a substantively unreasonable sentence, and we affirm.

_____

-4-